SANDERSON v. RESSLER.

1. MORTGAGES—FORECLOSURE—PURCHASER AT MORTGAGE SALE MAY ASSIGN INTEREST.

The purchaser, at foreclosure by advertisement, ordinarily acquires an equitable interest in the land which he may, during the period given for redemption, transfer in full to another, and the assignee, if there be no redemption, will take the legal title when it matures exactly as the original bidder himself would have taken it.

2. SAME—SECOND MORTGAGEES MAY ACQUIRE GOOD TITLE BY PURCHASE FROM BIDDER AT FORECLOSURE SALE.

  Where a mortgagee, holding a first mortgage, foreclosed and bid in the property, from which the mortgagor never redeemed, the holders of a second mortgage by purchase and taking a deed from the first mortgagee after the expiration of the redemption period, secured the legal title; the fact that they were second mortgagees not preventing them from thus acquiring title.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted April 26, 1923. (Docket No. 69.) Decided June 4, 1923.

Bill by James W. Sanderson against George S. Ressler and others to enjoin summary proceedings. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Smith, Hunter & Spaulding,* for plaintiff.

*Charles W. Nichols,* for defendants.

McDONALD, J. At the time this controversy arose the plaintiff was a trader in stocks and bonds in the city of Lansing. On the 26th of February, 1921, he gave defendants George S. Ressler and Lawrence C. Ressler a note for $5,000, the consideration being made up of $1,000 in cash and an interest of $4,000 in a trading account which defendants had with a firm of stockbrokers. As security for the payment of the note a deed of certain real estate was given by Rose G. Sanderson, a former wife of the plaintiff. The Union Building & Loan Association of Lansing held a prior mortgage on the premises for $3,005.34. This mortgage was afterwards foreclosed and the property bid in for $3,480.75 by the loan association on August 6, 1921. The period of redemption expired on August 6, 1922. Neither Rose Sanderson nor the plaintiff redeemed from the foreclosure sale

and on August 5, 1922, the defendants paid the building and loan association about $3,700 and took a deed of the premises on August 7, 1922.   They then began summary proceedings against the plaintiff, who was in possession of the property.   Plaintiff filed this bill to restrain such proceedings, to secure the surrender of the $5,000 note, to cancel the deed from Rose Sanderson and to require a conveyance of the premises to the plaintiff on the claim that the note, to secure the payment of which the deed was given, had been fully paid.   Answering, the defendants denied the payment of the $5,000 or any part of it, and claimed title in fee simple to the premises by reason of having purchased the interest of the Union Building & Loan Association.   On the hearing the circuit judge dismissed the bill of complaint.   From the decree entered the plaintiff has appealed.

If it might be said that, under his pleadings, the court could grant plaintiff the right to redeem from the foreclosure of the Union Building & Loan Association mortgage, the facts would not entitle him to such relief.   The testimony is conclusive that in acquiring the interest of the building and loan association the defendants became purchasers and not redemptioners. If they had a right to buy, and their contract was one of purchase, the legal title would vest in them on the expiration of the period of redemption.   The fact that they were second mortgagees would not prevent them from thus acquiring title.

"It is now settled that the purchaser, at a foreclosure by advertisement, ordinarily acquires an equitable interest in the land, which he may, during the period given for redemption, transfer in full to another.   And that his assignee, if there is no redemption, will take the legal title when it matures exactly as the original bidder himself would have taken it. * * * And in the absence of peculiar and unusual equities, no reason is apparent why the holder of a

second mortgage may not purchase this equitable interest, arising on the foreclosure of a prior mortgage, as well as any one else. There is a marked difference between redeeming, which is a matter of right, and taking an assignment of the equitable interest acquired by the purchaser on foreclosure, which is a matter of contract between the parties." *McCreery* v. *Roff*, 189 Mich. 558.

But passing this question and treating the case as it is presented by the pleadings, it appears that the plaintiff never had legal title to the premises in question, nor was he a mortgagor. He was entitled, however, to a conveyance to himself on payment of the note which the deed was given to secure. He has neither paid nor tendered payment. The circuit judge so found, and our examination of the evidence convinces us that the court reached a correct conclusion. He is therefore not entitled to the relief prayed for in his bill, and the court was right in dismissing it.

The decree is affirmed. Defendants will have costs.

WIEST, C. J., and FELLOWS, CLARK BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.