CHAUVIN *v.* AMERICAN STATE BANK.

1. MORTGAGES — MORTGAGORS CLAIMING RIGHT TO REDEEM FROM FORECLOSURE BY EXTENSION OF TIME HAD BURDEN OF PROOF.

In a suit by the mortgagors to obtain the right to redeem from a mortgage foreclosure, plaintiffs, relying on an alleged agreement to extend the time within which to redeem, had the burden of establishing such agreement.

2. SAME—EVIDENCE—SUFFICIENCY.

An agreement for an extension of time for redemption from a mortgage foreclosure, *held*, not established by a preponderance of the evidence.

3. SAME—QUITCLAIM DEED FROM PURCHASER AT FORECLOSURE SALE DOES NOT OPERATE AS REDEMPTION.

A quitclaim deed from the purchaser at foreclosure sale under the first mortgage to the holders of a second mortgage, executed during the redemption period, does not operate as a redemption rather than a transfer of inchoate title, either by operation of law or in fact, in the absence of evidence showing such to have been the fact.

---

[1]Mortgages, 42 C. J. § 2272; [2]Id., 42 C. J. § 2274; [3]Id., 42 C. J. § 2205.

4. SAME—PURCHASER UNDER FORECLOSURE SALE ACQUIRES MORT-
GAGOR'S TITLE.

Under 3 Comp. Laws 1915, § 14958, the grantees in a quit-
claim deed executed by the purchaser at foreclosure sale
during the redemption period acquired all the right, title,
and interest of the mortgagors at the time of the execution
of the mortgage, where there was no redemption within
the period allowed by law.

5. SAME—HOLDERS OF SECOND MORTGAGE COULD REDEEM OR PUR-
CHASE FROM PURCHASER UNDER FORECLOSURE SALE.

The holders of a second mortgage had a right to redeem
from foreclosure of the first mortgage and thereby increase
their mortgage interest, and they also had an equal right
to purchase the title of the purchaser at the foreclosure
sale.

6. SAME—SECOND MORTGAGE MERGED IN TITLE WHEN HOLDERS PUR-
CHASED FROM PURCHASER AT FORECLOSURE SALE UNDER FIRST
MORTGAGE.

Where the holders of a second mortgage purchased, dur-
ing the redemption period, from the purchaser at fore-
closure sale under the first mortgage, their mortgage
merged in their title at the expiration of the redemption
period.

7. SAME—QUITCLAIM DEED FROM PURCHASER AT FORECLOSURE SALE
—ABSENCE OF REVENUE STAMPS—INTENT GOVERNS.

Absence of revenue stamps on a quitclaim deed from the
purchaser at foreclosure sale under the first mortgage
to the holders of a second mortgage, did not, under the
present law, render it inoperative as a deed, and where
the evidence shows the intent was to purchase rather than
redeem, the intent governs.

Appeal from Wayne; Fead (Louis H.), J., presid-
ing.     Submitted January 13, 1928; resubmitted March
27, 1928.     (Docket No. 96.)     Decided April 3, 1928.

Bill by James Chauvin and another against the
American State Bank of Detroit and others to redeem
from a mortgage foreclosure.     From a decree dismiss-
ing the bill, plaintiffs appeal.     Affirmed.

⁴Mortgages, 41 C. J. § 1451; ⁵Id., 42 C. J. § 2132; ⁷Deeds, 18
C. J. § 93; 8 R. C. L. 944; 2 R. C. L. Supp. 695.

*Frank W. Atkinson, Howard H. Campbell,* and *Joseph H. Primeau,* for plaintiffs.

*Munro & Powell,* for defendant bank.

*Campbell, Bulkley & Ledyard, Friedman, Meyers & Keys, Black & Black, C. W. Videan,* and *Ralph E. Routier,* for other defendants.

WIEST, J.    This is a bill to obtain right to redeem from a mortgage foreclosure, under a claimed extension of time beyond the statutory period of redemption. In the circuit the bill was dismissed and plaintiffs appealed.

August 27, 1917, plaintiffs gave the American State Bank of Detroit a mortgage for $5,400 due in three years, on property in the city of Detroit, and made default in payment.    The American State Bank foreclosed the mortgage by advertisement, purchased at the sale under bid of the amount due, with costs, and, October 6, 1920, received a sheriff's deed, to become effective October 6, 1921, if the premises were not redeemed.    Plaintiffs did not redeem but claim an officer of the bank assured them that redemption would be permitted later.    January 20, 1919, plaintiffs gave a second mortgage, for $3,000, on the property, to defendants Niles and Peters.    This mortgage has not been paid by plaintiffs nor foreclosed.    October 4, 1921, two days before right to redeem expired, the American State Bank, for an expressed consideration of one dollar, but in fact payment of $6,013.12, sold and, by a quitclaim deed, conveyed its interest in the property to defendants Niles and Peters.    This deed had no revenue stamp.    By warranty deed, dated October 7th, and acknowledged October 18, 1921, Niles and Peters, for an expressed consideration of one dollar, conveyed the property to defendant Peter A. Miller.    This deed was dated the next day after plaintiffs' statutory right to redeem had expired, and bore

a fifty-cent revenue stamp.   Niles and Peters lived in the State of Ohio, and Miller was their Detroit agent and attorney.   Our disposition of the case renders it unnecessary to mention subsequent transfers and contracts.

Plaintiffs allege an extension of time within which to redeem, and had the burden of establishing such an agreement.   Mr. Chauvin testified to such an agreement by Gordon Fearnley, vice-president of defendant bank and in charge of the bank's mortgage matters, and Mr. Fearnley denied any such agreement.   This situation sends us to consideration of established facts and circumstances from which we may gather an idea of probabilities supporting one claim or the other. Plaintiffs did not pay the interest on the mortgage promptly, let the taxes go until the mortgagee had to advance the money and exhibited an indifference upon the subject of redemption until late in the period, and then had no reasonable assurance of being able to make redemption.   To say the least, the sidelights are not helpful to plaintiffs.   We cannot find, by a preponderance of evidence, an extension of time for redemption.

Plaintiffs also contend that the deed from the bank to the second mortgagees, while right to redeem was open, operated in fact as a redemption and not a transfer of inchoate title.   We find nothing in the evidence showing such to have been the fact, and it is conceded not to be so by operation of law.

The statute (3 Comp. Laws 1915, § 14958) provides that, if the premises are not redeemed, a sheriff's deed vests in the grantee therein named, and his assigns, the right, title and interest of the mortgagors at the time of the execution of the mortgage.

The bank, as purchaser, at the foreclosure sale, possessed a sheriff's deed, and by virtue thereof had inchoate title, and, by its quitclaim deed, conveyed the same to Niles and Peters.   There having been no re-

demption within the period allowed by law, Niles and Peters acquired the title specified by statute.    The holders of the second mortgage had a right to redeem and thereby increase their mortgage interest, if they cared to do so, and they also had an equal right to purchase the title of the bank.    *Sanderson* v. *Ressler,* 223 Mich. 232; *Gerasimos* v. *Continental Bank,* 237 Mich. 513.    If they had redeemed they would have thereby increased their mortgage interest.    If they purchased, then their second mortgage merged in their title at the expiration of the redemption period.    We think the holders of the second mortgage understood their rights, and their agent and attorney, who handled the matter and advanced the money to purchase, was well aware of the advantage under purchase, and the quitclaim deed was intended to consummate a purchase, just as it purports, and not a mere redemption.

But, it is said, the sheriff's deed to the bank bore revenue stamps to the amount of $5.50, while the deed from the bank to Niles and Peters bore no stamps, and we are asked to consider the absence of stamps on the latter deed as guiding evidence of an acquisition by the grantee of the mortgage by redemption.    Failure, if any, to properly place revenue stamps on the deed did not, under present law, render it inoperative as a deed.    See *Cole* v. *Ralph,* 252 U. S. 286 (40 Sup. Ct. 321).    The intent of that deed governs, and upon that question the evidence shows it was to consummate a purchase.

What we have said disposes of the case and obviates need of mentioning the other defendants.

The decree is affirmed, with costs to defendants.

NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.    FEAD, C. J., did not sit.