HANSON *v.* HUETTER.

1. MORTGAGES—FORECLOSURE—SHERIFF'S DEED—TITLE CONVEYED.

A sheriff's deed vests in the grantee and assigns all right and title of the mortgagor existing at the time of the execution of the mortgage, if there is no redemption from the foreclosure (CL 1948, § 692.10).

2. SAME—SUBSEQUENT EASEMENT BY MORTGAGOR.

A grant of an easement by the mortgagor after executing a mortgage but without the mortgagee's permission and consent may not be enforced against the mortgagee and those claiming under him.

3. EQUITY—LACHES—CONTINUED USE OF EASEMENT.

Laches on part of defendants *held,* not established by plaintiffs as to use of 10-foot strip adjoining plaintiffs' land which latter had used for a number of years merely because plaintiffs were permitted to continue to use the driveway after defendants acquired title and until latter commenced construction of building on the premises.

4. SAME—LACHES—MISTAKE.

The fact that defendants had been lessees of property and knew of plaintiffs' mistaken idea that they had a right of easement on the leased land would not preclude defendants from acquiring all the rights of the owner nor prove laches by such defendants.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Mortgages §§ 645, 747.
[2] 17 Am Jur, Easements § 23; 37 Am Jur, Mortgages § 1032.
[6] 58 Am Jur, Zoning §§ 178, 189.
[6] Injunction as remedy for violation of zoning ordinance. 129 ALR 885.
[7] 58 Am Jur, Zoning §§ 192, 193.
[7] Right of municipality or other public authority to enforce zoning or fire limit regulations as affected by its previous conduct in permitting or encouraging violation thereof. 119 ALR 1509.

5. SAME—LACHES—LESSEE—ENCROACHMENTS.
   Defendants, as lessees of adjoining land, *held,* not guilty of laches in not ascertaining and advising plaintiff neighbors that latter was encroaching upon land subsequently acquired from landlord by the construction of a building extending beyond the lot line.

6. TOWNSHIPS—ZONING ORDINANCE—SETBACK LINES—NONCONFORMING USES—INJUNCTION.
   Defendant will not be enjoined at suit of adjoining owner from erection of addition to building by reason of nonconformance to 60-foot setback requirement of township zoning ordinance, where the building being added to is 1 foot too close to center line of street but the addition is not in violation of such setback requirement, plaintiffs' own property does not meet the 60-foot requirement and 2-story community hall on other side of plaintiff fails to meet the requirement.

7. SAME—ZONING ORDINANCE—BUILDING AREA AND CUBIC CONTENTS.
   Addition to existing building will not be enjoined at suit of adjoining owners because area and cubic contents are less than minimum required by township zoning ordinance for principal buildings, where zoning commission had approved the plans for such addition and the plans clearly showed that there was both less area and cubic feet of content than minimums called for by the ordinance.

8. SAME—ZONING ORDINANCE—BUILDINGS—FIREPROOF WALL—SIDE-YARD.
   Building a wall of fireproof concrete, in lieu of sideyard, an alternative provided for by township zoning ordinance, *held,* compliance with such ordinance, hence, building will not be enjoined at suit of adjoining owner who had hitherto used a 10-foot strip of land upon which defendant was to erect a building.

Appeal from Oakland; Golden (Clayton C.), J., presiding. Submitted January 7, 1954. (Docket No. 24, Calendar No. 45,977.) Decided February 18, 1954.

Bill by Rudolph Hanson and Wilma J. Hanson against Harry W. Huetter and Emma Huetter to enjoin violation of claimed easement. Cross bill to

abate encroachments. Decree for defendants. Plaintiffs appeal. Affirmed.

*Beer & Osgood,* for plaintiffs.

*E. Reed Hunt* and *Howlett, Hartman & Beir,* for defendants.

KELLY, J. Lot 8 of Supervisor's Plat No 8 of Southfield township is located in the village of Franklin, county of Oakland. This lot abuts the westerly side of Franklin road with a frontage on said road of 84 feet and runs westerly therefrom a distance of 132 feet. Plaintiffs are the owners of the south 35 feet of said lot and defendants purchased the north 49 feet thereof.

Plaintiffs contend they have a perpetual and unobstructed easement for a general driveway extending from Franklin road in a westerly direction to the west end of lot 8, said easement being 10 feet in width and involving a parcel of land on the south side of defendants' north 49 feet. Plaintiffs requested that the court recognize said easement by decree and enjoin defendants from constructing a building on said 10-foot area. Defendants filed a cross bill asking the court to declare that:

"Cross defendants may, by suitable order of this court, be directed to reconstruct the roof of their building so that the water thereon will not drain unto cross plaintiffs' property; that the projection of the eaves of said building and the projection of the window ledges of said building will be ordered to be removed, and that the oil tank vent pipe will be directed to be removed."

The court denied plaintiffs' prayer and granted to defendants the relief sought in their cross bill.

An examination of the record as to the previous ownership of lot 8, before it was split into the present

plaintiffs' south tract and defendants' north tract, discloses that the 1930 owner mortgaged the entire lot on August 4, 1930. On May 17, 1941, the 1930 owner secured a release of said mortgage for that part of lot 8 described in this case as plaintiffs' south 35 feet. After said release, said 1930 owner granted her rights to said 35 feet to William S. Morse, and on March 18, 1943, executed to Morse a grant of easement to the 10-foot strip now in question.

Morse executed a warranty deed to plaintiffs on January 25, 1945, to the south 35 feet and in the same deed Morse stated that he was granting all easements he acquired from the 1930 owner under her grant to him of March 18, 1943, but with the statement: "Provided, however, that the covenants of warranty herein contained shall not apply to the aforementioned easement."

The 1930 owner failed to meet her obligations as established in the August 4, 1930, mortgage, and foreclosure proceedings involving all of that part of lot 8 referred to as the northerly part culminated in a sheriff's deed to Evangeline M. Young on October 14, 1947. There was no redemption, and plaintiffs admit they received notice of the foreclosure proceedings. Defendants are the owners of the northerly part of lot 8 by virtue of a deed executed to them by the said Evangeline M. Young.

CL 1948, § 692.10 (Stat Ann § 27.1230), provides:

"Unless the premises described in such (sheriff's) deed shall be redeemed  *  *  *  such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter."

This Court has held that if there is no redemption a sheriff's deed vests in the grantee and assigns all

right and title of the mortgagors existing at the time of the execution of the mortgage. *Chauvin* v. *American State Bank,* 242 Mich 269; *Piotrowski* v. *State Land Office Board,* 302 Mich 179.

The easement in question did not exist when the August, 1930, mortgage was executed. A subsequent grant of easement by the mortgagor without the mortgagee's permission and consent could not have been enforced against the mortgagee. The foreclosure placed in defendants' grantor all the right and title that existed in the mortgagee at the time of the execution of the mortgage. Therefore, plaintiffs' contention that they have a perpetual and unobstructed easement by virtue of a grant by the original owner and mortgagor made subsequent to said owner's execution of the mortgage, cannot be sustained.

Plaintiffs contend defendants were guilty of laches and, therefore, estopped from either denying plaintiffs' easement or asking removal of plaintiffs' building from defendants' property. In order to dispose of these questions it is necessary that there be called to attention some of the main facts pertinent to the use of the said north and south parts of lot 8 by the plaintiffs and defendants.

There was only 1 building on lot 8 when plaintiffs purchased the south part in January, 1945, and this building was located on the north part of said lot. This building, somewhere between 30 and 50 years old, was a 1-story frame building occupied by a family and a cleaning establishment. Plaintiffs constructed a 35 x 52-foot building and commenced using it as a gasoline station and garage repair shop in February, 1947.

Defendants had operated a hardware business for 5 years in the building on the north part of lot 8 at the time this litigation was commenced. They originally took occupancy in the latter part of 1946

under a 5-year lease. Defendants became part owners of the north part of said lot with Alfred Fee and wife on June 22, 1948, and thereafter Fee and wife conveyed their one-half interest to defendants by deed dated May 19, 1950.

On January 17, 1949, the attorneys for the defendants sent the following letter to Mr. Hanson:

"We are writing you in behalf of Mr. and Mrs. Alfred Fee and Mr. and Mrs. Harry W. Huetter, who have recently completed the purchase of the property adjoining your location.

"Our clients advised us that you have been using, for driveway and parking purposes, a strip of their land, being the southerly portion, approximately 10 feet wide. In order to avoid any question arising in the future, it will be necessary that you make definite arrangements with our clients concerning future use of this property if you so desire."

The plaintiff, Mr. Hanson, consulted with his attorney after receiving this letter and immediately thereafter contacted the defendant, Mr. Huetter, in his store. Hanson's description of what happened after he had shown Mr. Huetter the letter is set forth in the following testimony:

"I went in with this letter. I said, 'I have got a letter from your attorney and it says that the easement no longer exists.' Well, I said, 'I just can't quite make it out because my deed and abstract both show that there is an easement there,' and I said, 'It sure is a tangled up mess,' and which they admitted it was, and I said, 'What do you want me to do?' We talked for a while. I don't know exactly what it was—we were talking about the tangled up mess, and the various different times the property had changed hands, and I said, 'Do you have any objections to me using it?' and they said 'No.' So we continued to use it. I stopped using the easement when they started putting their footings in and they blocked it in November of last year 1951."

Mr. Huetter stated that at the conference mentioned above: "We instructed Mr. Hanson that he could continue to use the driveway until such time as we required it for our own use."

The driveway was used by both plaintiffs and defendants between the time of this conference and the time defendants started to build the addition to their building. It is plaintiffs' contention that this delay on defendants' part in closing said driveway to the use of the plaintiffs makes the defendants guilty of laches and, therefore, places in plaintiffs a use to the driveway even though no right of easement exists. We agree with the trial court's decision that the defendants were not guilty of laches.

Plaintiffs seem to contend, or at least intimate, that defendants, knowing that plaintiffs were mistaken in the belief that they had an easement which did not in fact exist, should not have purchased the northerly part of lot 8 and used same for their own use without recognizing plaintiffs' mistaken idea of rights in and over a 10-foot strip across said lot.

After defendants had operated a hardware business upon the premises for over 1–1/2 years, as lessees, they were informed that the owner, Evangeline M. Young, who had obtained title in October, 1947, through sheriff's deed, had placed the property up for sale. Plaintiffs had no right of easement they could claim at that time against Evangeline M. Young, or her assigns. The fact that defendants had been lessees and knew of plaintiffs' mistaken idea that they had a right of easement would not preclude defendants from acquiring all the rights of the owner Evangeline M. Young. Plaintiffs had not consulted with defendants before they made their purchase or before deciding upon the size, shape or location of the building. The fact that after purchasing defendants allowed plaintiffs to use said strip for an extended period of time would not con-

stitute laches under the circumstances set forth in this record.

Appellants list the following as one of the questions involved: "Were defendants guilty of laches, and estopped from asking removal of plaintiff's building on their property?" Appellants do not contend that the court erred in determining that the allegations in the cross bill of plaintiffs' encroachment of defendants' lot were sustained by the proof offered. Plaintiff Rudolph Hanson testified: "I commenced the erection of a structure on the portion I purchased in January, 1947. This structure was completed in February, 1947." The record discloses that defendants rented the property for the first time in December, 1946. We cannot find any justification for plaintiffs' claim that defendants were guilty of laches because, as lessees of less than 2 months, they did not ascertain and advise their neighbor that said neighbor was constructing a building extending beyond his lot line.

The final question presented by plaintiffs is:

"Should defendants be enjoined from violating Southfield township zoning ordinance No 118 by enlarging a nonconforming use through construction of a building addition?"

The record discloses that plaintiffs did not raise this point nor ask for injunctive relief in their original bill of complaint. However, in their answer to defendants' cross bill, under the head of "affirmative matter" they challenged defendants' rights to proceed in building an addition to their building because such a building would violate the zoning ordinance of the township of Southfield.

The construction complained of consists of a commercial activity in a commercial zone, and the zoning ordinance plaintiffs claim is being violated is the

township of Southfield zoning ordinance adopted and approved by referendum June 18, 1946.

Defendants' building project does not change the original building which has been in existence for at least 30 years, but is confined to a construction of a cement block addition thereto. Plaintiffs admit there would be no violation as long as defendants continue to use the original building as it is, but ask for injunctive relief because the contemplated addition would extend the life of an old nonconforming frame building; because the addition would not meet the ordinance requirements of minimum size and cubic content; because the erection of the cement block addition would fill the only vacant lands defendants could use as a side yard; and, lastly, that if defendants build this addition then the original building loses its present exemptions and defendants should be compelled to move the front of the original building back from the center of the street to a distance required by the ordinance for new buildings.

The zoning ordinance establishes a building line in commercial zones by prohibiting the erection or alteration of buildings within 60 feet from center of highway. Defendants' building extends, and has been extending for over 30 years, 1 foot closer to said center line than the ordinance provides. No one contends that the addition in question will violate the provisions of the ordinance requiring the erection lines to be at least 60 feet from the center of the highway. The plaintiffs' property does not meet this 60-foot requirement, and a 2-story community hall immediately south of plaintiffs' property also fails to meet this requirement.

The zoning ordinance has a section entitled "Area of Buildings," which provides as follows:

"No principal building shall be erected, altered or moved in this zone which provides less than 750 square feet of floor space at the first floor level, ex-

clusive of any area in an accessory building, except motor supply stations and temporary real estate offices when permitted by the board of appeals."

Defendants' addition would provide about 520 square feet of floor space. The zoning commission approved the plans of the addition, which clearly showed that it would not contain 750 square feet of floor space, and the trial court did not decide that defendants had violated the zoning ordinance. We believe the approval of the zoning commission and the conclusion of the trial court was correct on the grounds that defendants' addition should not be considered as a principal building under the meaning and intent of said section.

Section 3 of the ordinance provides: "No principal building shall be erected, altered or moved in this zone which provides less than 7,500 cubic feet of content." Plaintiffs' proof that defendants' alteration would only contain 6,240 cubic feet and is, therefore, a violation of the ordinance that should be restrained cannot be sustained for the same reasons set forth in the previous paragraph in regard to the required area of the building.

The final objection about side-yard requirement is met by the township's approval of defendants' building plans and Mr. Huetter's statement in court that he intends to comply with the code giving him an alternative to providing a side yard by building a wall of fire proof concrete, as provided for in said zoning ordinance.

We find no reversible error and affirm the decree of the trial court. Costs to defendants.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.