WOLVERINE SIGN WORKS v STATE HIGHWAY COMMISSION

1. HIGHWAYS—EASEMENTS—RESTRICTIVE COVENANTS—STATUTES.
    Statutory authority for the state highway commission to obtain right-of-way easements for highways, prior to 1966, did not include the authority to impose restrictive covenants on the property adjoining the right-of-way to prevent the erection of advertising billboards within 300 feet of the right-of-way; thus such covenants were void *ab initio* (MCLA 213.171[h]).

2. HIGHWAYS—STATUTES—AMENDMENTS—EXPRESS AUTHORITY—IM-PLIED AUTHORITY—PROPERTY RIGHTS.
    The Legislature expressly granted to the state highway commission authority for the acquisition of property rights adjacent to the right-of-way in amendments to the statute, and such an authority was not expressed and cannot be implied in the earlier language of the statute (MCLA 213.171[h]).

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted Division 2 March 7, 1974, at Lansing. (Docket No. 17688.) Decided May 2, 1974.

Complaint by Wolverine Sign Works and Robert Schoun against the State Highway Commission, State Highway Department, and John P. Woodford, for declaratory and injunctive relief from a covenant restricting erection of billboards along a highway right-of-way. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Warner, Norcross & Judd* (by *John H. Logie*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 157–162.

*Derengoski,* Solicitor General, and *Louis J. Caruso* and *Dennis L. Strawderman,* Assistants Attorney General, for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. The circuit court granted appellee's motion for a summary judgment holding that the Highway Commission had no authority by virtue of 1925 PA 352, § 1(h); MCLA 213.171(h); MSA 8.171(h) to acquire restrictive covenants prohibiting the erection or maintenance of signboards within 300 feet of the right-of-way line of the highway.

It had been the practice of the Highway Commission from 1925 until some time in the early 1960's whenever the Highway Commission acquired a highway easement release from a landowner whose property adjoined a highway to secure such a restrictive covenant from such landowner. There is no claim that any of these covenants have ever been enforced.

Appellee Robert Schoun's predecessor in title, Katherine Ann Wheaton, conveyed a highway easement by a signed writing to appellant on February 28, 1931. This conveyance, which contained a restrictive signboard covenant, was recorded with the Register of Deeds in Shiawassee County on May 6, 1931. The restrictive covenant was declared to be perpetual and to run with the land in the recorded conveyance.

In 1951 appellee Wolverine Sign Works entered into a signboard lease with Edna M. Colby, who was Katherine Wheaton's successor in title. Wolve-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

rine has been in possession of this leasehold continuously since that time.

A second conveyance of a highway easement on this same property was negotiated between John and Lelia Shorua, successors in title to Edna Colby, and the Highway Commission on October 30, 1956, recorded January 25, 1957. This conveyance agreement also contained a restrictive signboard agreement.

The parties are in agreement that the main issue before the Court is whether or not the State Highway Commission had, prior to 1966, any legislative authority to impose restrictive covenants in right-of-way releases, prohibiting the use of lands adjacent to such rights-of-way for billboard purposes.

1925 PA 352 provided that the State Highway Commissioner may acquire:

"Any and all other property and property rights deemed by the commissioner or commissioners having jurisdiction over a road to be necessary for the proper construction, improvement or maintenance thereof."

One must stretch his imagination to the breaking point to accept appellants' contention that the word "improvement" was intended to refer to property rights off the right-of-way itself.

When the Legislature wanted to grant the highway commission authority to acquire property rights adjacent to the highway it did so expressly. 1937 PA 237, § 1(f), now 1(h), of the act does so and gives the commission the power to acquire:

"(h) Any and all other property and property rights deemed by the board or commissioner having jurisdiction over a highway to be necessary for the proper construction, improvement, landscaping, or maintenance thereof, including the development, construction

and maintenance, adjacent to such highways, of road-side springs, parking spaces, and information lodges, in the interest of the beneficial use of such highways by the traveling public; * * * ."

The obvious intent of the legislature in amending the law in this manner was to expand the construction, improvement, and maintenance property acquisition powers to include not only the actual right-of-way of the highway, but also springs, parking spaces and lodges adjacent thereto, as well as landscaping on the right-of-way or adjacent facilities.

To ascribe to the word "including" a meaning that would expand the term "improvement" to include off right-of-way powers precludes the obvious legislative intent to confine the highway commissioner's authority to that expressly stated.

In *Central Advertising Co v State Highway Comm,* 383 Mich 1; 172 NW2d 432 (1969) the Court said:

"The rights of the commission to acquire property generally, contained in PA 1925, No 352, as amended (MCLA § 213.171, Stat Ann 1958 Rev § 8.171) do not include a specific power to acquire signboard easements upon and over the adjacent countryside. Even the catch-all authority contained in PA 1925, No 352, § 1, subd (h), uses the more limited word 'landscaping'."

A further quote from *Central Advertising, supra,* is appropriate. On page 6 we find the following:

"By PA 1966, No 295, § 1(h)(MCLA § 213.361, Stat Ann § 8.261[1]), the highway department's authority to acquire land was broadened. Added to the list of permitted purposes were 'rest areas, scenic areas, scenic lookouts'.

"The acquisition of billboard easements over the visi-

ble countryside would not be justified as a 'rest area'. Similarly, a 'scenic lookout' refers to the place from which observation of the countryside can be made not to the scenery being looked upon."

In *Central Advertising, supra,* the Court found no express or implied authority for the acquisition of negative easements in any of the above acts except to the extent that such easements conform to the regulatory scheme of PA 1966, No. 333. We are not here concerned with the highway commission's authority to acquire billboard easements after 1966 but prior thereto. We find no such express or implied authority.

Since we agree with the trial court's judgment that the restrictive covenants above described were void *ab initio* we need not discuss the claim of estoppel.[1]

Judgment affirmed. Costs to plaintiffs.

All concurred.

---

[1] *Hansen v Huetter,* 339 Mich 130; 62 NW2d 663 (1954); *Richards v Lowrie & Webb Lumber Co,* 317 Mich 42; 26 NW2d 590 (1947).