# STATE OF MICHIGAN

# COURT OF APPEALS

KIERA TEALL,

        Plaintiff-Appellant,

v

ONE WEST BANK, INDYMAC BANK,
and US BANK NA,

        Defendants-Appellees.

UNPUBLISHED
February 19, 2015

No. 318815
Wayne Circuit Court
LC No. 10-005126-CH

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition to defendants. We affirm.

## I. STATEMENT OF FACTS

On November 23, 2005, plaintiff executed a mortgage with Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender, defendant IndyMac Bank, to secure a loan for the property located at 35871 Sussex Drive in Romulus, Michigan (hereinafter "the property"). The mortgage contained a power of sale and provided that MERS could assign the mortgage. MERS assigned the mortgage to defendant One West Bank on July 15, 2009. Plaintiff failed to fulfill her repayment obligations under the loan, and it was referred for foreclosure proceedings. The foreclosure notice was published pursuant to statute. On August 27, 2009, One West Bank bought the property in a sheriff's sale. On December 16, 2009, One West Bank quitclaimed its interest to defendant US Bank NA, as trustee for the LXS 2005-9N Trust Fund.

After the redemption period expired, US Bank NA initiated an eviction action. Plaintiff responded by filing the instant lawsuit.

On October 22, 2010, defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). On December 15, 2010, plaintiff answered defendants' motion for summary disposition. On December 17, 2010, the day of the summary disposition hearing, plaintiff filed a motion to amend the complaint to add an additional count for "Deceptive Act and/or Unfair Practice." The trial court granted plaintiff's motion to amend the complaint and

took no action on defendants' motion for summary disposition, instead "[taking] the matter under advisement." Plaintiff never filed an amended complaint including this new count.

On November 21, 2011, defendants filed a second motion for summary disposition under MCR 2.116(C)(8) and (C)(10). Plaintiff did not answer this motion for summary disposition.

On March 2, 2012, the trial court held a hearing concerning defendants' motion for summary disposition. Plaintiff failed to appear at this hearing. Defendants requested that their "motion be granted as no response was filed and . . . there's a concession of all counts in that motion." The trial court then granted defendants' motion for summary disposition.

## II. STANDARDS OF REVIEW

It is unclear on the basis of the order alone whether the trial court decided to grant defendants' motion for summary disposition under MCR 2.116(C)(7), (8), or (10). In their motions for summary disposition, defendants requested summary disposition on the basis of MCR 2.116(C)(8) and (10), but they argued for summary disposition due to the application of the statute of frauds regarding plaintiff's claims of unjust enrichment and innocent/negligent misrepresentation. This argument implicated MCR 2.116(C)(7).

A trial court's decision regarding a motion for summary disposition is reviewed de novo. See *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012), and *Beaudrie v Henderson*, 465 Mich 124, 129-130; 631 NW2d 308 (2001). "A summary disposition motion under MCR 2.116(C)(10) tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). A court must consider the "pleadings, affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the opposing party." *Id*.

"Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material." *Maiden v Rozwood*, 461 Mich 109, 118-119; 597 NW2d 817 (1999). "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id*. at 119. If the parties submit admissible documentary evidence, it must be considered. *Id*.

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Id*. A motion under this court rule "may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. (citation and quotation marks omitted). A trial court deciding a motion under this court rule considers only the pleadings. *Id*. at 119-120. "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. at 119.

## III. STATUTE OF FRAUDS

Plaintiff argues that her claims were not barred by the statute of frauds. We disagree, in part. Plaintiff's claims of promissory estoppel and misrepresentation were barred by the statute of frauds.

Under the statute of frauds,

> [a]n action shall not be brought against a financial institution[1] to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation. [MCL 566.132(2).]

This Court interprets the statute of frauds as "an unqualified and broad ban" on causes of action arising out of an unfulfilled oral promise because the statute does not specify the type of "action" to which it applies. *Crown Tech Park v D&N Bank, FSB*, 242 Mich App 538, 550; 619 NW2d 66 (2000). This Court has applied the statute of frauds to bar claims of promissory estoppel. *Id*.

First, plaintiff argues that her claims were not barred because there are writings that outline the alleged promise made by One West Bank to plaintiff that would fall within the statute of frauds. In her brief on appeal, plaintiff states, "upon information and belief there are a series of agreed upon writings by [One West Bank] to confirm the representation and promise that the [s]heriff['s] [s]ale would be adjourned and upon information and belief [the sheriff's sale] was adjourned on a number of occasions to accommodate the parties." Plaintiff then asserts that discovery had not closed in the matter. Plaintiff's assertion that discovery was not complete in the matter is untrue. Discovery closed on December 14, 2010. Furthermore, plaintiff never produced these writings that allegedly support her claim. Under MCR 2.116(C)(10), plaintiff cannot avoid application of the statute of frauds by claiming that some document exists somewhere that shows that the promise was not merely oral. Once defendants presented evidence that supported their argument, plaintiff was required to provide evidence that a genuine issue of material fact existed. *Oliver v Smith*, 269 Mich App 560, 563-564; 715 NW2d 314 (2006). Further, plaintiff's assertion that written documentation exists that outlines the promise to postpone the sheriff's sale pending the outcome of a loan modification review is unsupported by her own arguments in her brief on appeal. Throughout her brief, plaintiff asserts that had she known that One West Bank would conduct a sheriff's sale before her loan modification could be considered, she would have "confirmed [the agreement] in writing."

---

[1] One West Bank is currently a national bank, but at the time of the allegations contained in this complaint, it was a federal savings association. In any event, both a national bank and a federal savings association are financial institutions under the statute of frauds. MCL 566.132(3).

Plaintiff's second argument regarding the applicability of the statute of frauds also fails. Plaintiff argues that the statute of frauds did not bar her claims because the oral promise plaintiff based her claims upon did not constitute an alleged promise to lend money, extend credit, or waive or modify the performance of a loan. She further argues that the promise to place the sheriff's sale on hold in order for One West Bank to consider plaintiff for a loan modification did not fall within the "other financial accommodation" provision of the statute. Plaintiff's claim is not supported by law.

Plaintiff relies on a Sixth Circuit case to support her argument: *Schering-Plough Healthcare Prods v NBD Bank*, 98 F3d 904, 909 (CA 6, 1996). Plaintiff argues that the Sixth Circuit's determination that the statute of frauds was "designed to protect financial institutions from suits, by businesses that have experienced a significant downturn, alleging oral promises of financial commitment that expose the financial institution to a risk of loss" indicates that the representation that One West Bank would not proceed with the sheriff's sale while the loan modification was under review does not fit within the definition of "other financial accommodation" because upholding this promise would not expose One West Bank to any risk of loss. See *id*.

As an initial matter, this Court is not required to accept the Sixth Circuit's interpretation of Michigan law. See *Paul v Bogle*, 193 Mich App 479, 487; 484 NW2d 728 (1992). Additionally, plaintiff fails to explain how the result of *Schering-Plough* supports her claim. In *Schering-Plough*, the Sixth Circuit held that an oral promise to issue cashier's checks, certify the checks, and to make funds available, even though the account in question had a zero balance, did constitute an "other financial accommodation." *Schering-Plough*, 98 F3d at 911-912. Thus, the Sixth Circuit interpreted the statute broadly and used it to bar a claim. This aligns with this Court's rule of law that the statute of frauds is an "unqualified and broad ban" on causes of action. *Crown Tech Park*, 242 Mich App at 550. Interpreting the statute broadly, the alleged promise made to plaintiff would be an "other financial accommodation." Defendants were entitled to summary disposition on the misrepresentation and promissory estoppel claims because there was no genuine issue of material fact that existed to support these claims, and the statute of frauds barred the introduction of the alleged oral promise that underpinned these claims.

Defendants are incorrect, however, in their assertion that the statute of frauds barred plaintiff from asserting an unjust enrichment claim. Unjust enrichment can provide a remedy for plaintiffs whose contracts are considered void under the statute of frauds. *Thurn v McAra*, 374 Mich 22, 24-25; 130 NW2d 887 (1964). Plaintiff's unjust enrichment claim was properly dismissed on other grounds, as discussed in Part IV, *infra*.

IV. MCR 2.116(C)(8)

A. PLAINTIFF'S QUIET TITLE, FRAUD, AND NEGLIGENT/INNOCENT MISREPRESENTATION CLAIMS

Plaintiff argues that she was entitled to quiet title because she has shown through her pleadings and affidavit that she was misled into believing that the sheriff's sale would not occur pending the outcome of the loan modification process. Plaintiff argues that these allegations of

fraud and negligent/innocent misrepresentation granted her standing to challenge the sheriff's sale and entitled her to quiet title. We disagree and find that plaintiff's claims were barred even assuming, arguendo, that the statute of frauds did not in fact apply to certain of the claims as discussed *supra*.

In 2014, this Court held that if a mortgagor fails to redeem the property within the statutory redemption period, she loses standing to bring her claims. *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 715; 848 NW2d 482 (2014). In *Bryan*, the plaintiff sued the defendant bank, which was both the lender of the loan that secured the mortgage and the purchaser of the property following the sheriff's sale, to quiet title and for unjust enrichment, deceptive/unfair practice, and wrongful foreclosure, alleging that the defendant was not the owner of the indebtedness secured by the mortgage or the servicing agent as required by Michigan law because the defendant failed to record its interest in the property before the sheriff's sale. *Id.* at 710-711. The plaintiff argued that the sheriff's sale was void *ab initio*. *Id.* at 711. The plaintiff filed her complaint after the expiration of the redemption period, but the plaintiff argued that she had standing to sue because of fraud or irregularity in the foreclosure process due to the defendant's failure to record its mortgage interest before the sale. *Id.* The *Bryan* Court held that summary disposition for the defendant was proper because the plaintiff lacked standing to bring her claims. *Id.* at 715.

This case is analogous to *Bryan*. Plaintiff did not redeem the property within the statutory redemption period and the redemption period expired before she filed the complaint in this action. Thus, pursuant to *Bryan*, plaintiff never had standing to bring these claims. Once the redemption period ended, the sheriff's deed vested in One West Bank, and One West Bank was assigned all the "right and title" of plaintiff that existed at the time she executed the mortgage. *Hanson v Huetter*, 339 Mich 130, 133-134; 62 NW2d 663 (1954); see also MCL 600.3236.

Plaintiff attempts to avoid the applicability of the *Bryan* rule by alleging that she "has clearly shown through her pleadings and affidavit that [she] was misled into believing that the [sheriff's sale] would not occur pending the outcome of the [l]oan [m]odification process." However, plaintiff has not "clearly shown" her allegations of fraud. Allegations of fraud or mistake must be *pleaded* with particularity, MCR 2.112(B)(1), or they will fail for failure to state a claim upon which relief can be granted. *Michigan ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 64 n 41; 852 NW2d 103 (2014) ("when the pleaded facts do not permit the court to infer more than the *mere possibility* of misconduct, the complaint fails to state a claim for relief" [citations and quotation marks omitted]). Plaintiff makes nothing more than general assertions of alleged promises made by One West Bank. Plaintiff's complaint makes no particular and specific assertions of when these alleged promises were made, by whom, and under what circumstances. Plaintiff has alleged nothing more than the mere possibility of misconduct, and as such, her allegations failed to state a claim on which relief can be granted.

In addition, the affidavit that plaintiff relies upon was not filed with her complaint, but with her answer to defendants' 2010 motion for summary disposition. Furthermore, the affidavit could not have been considered by the trial court because it was neither signed nor notarized. *Gorman v American Honda Motor Co*, 302 Mich App 113, 120; 839 NW2d 223 (2013) ("an unsworn, unsigned affidavit may not be considered by the trial court on a motion for summary disposition"). Nonetheless, this affidavit did little more than indicate that plaintiff would testify

to the allegations that she alleged in her complaint, and gave no additional particular circumstances surrounding these alleged promises. Therefore, plaintiff failed to support her allegations of fraud.

Defendants also present alternative grounds of affirmance, alleging that "the continued pursuit of this appeal is a collateral attack on the judgment in the [e]viction [a]ction, which is *res judicata* on the issue of possession." An appellee may urge alternative grounds for affirmance without filing a cross appeal as long as a more favorable decision is not obtained. *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994). However, in order for this Court to review these alternative grounds, defendants must have presented the issue to the trial court. See *City of Riverview v Sibley Limestone*, 270 Mich App 627, 633 n 4; 716 NW2d 615 (2006) (holding that an appellee arguing for alternative grounds for affirmance must present the issue to the trial court to properly preserve it for appeal). Defendants did not properly preserve this argument before the trial court, so this Court will not consider it.

The trial court correctly granted defendants' motion for summary disposition regarding plaintiff's claims to quiet title and for negligent/innocent misrepresentation and fraud; she failed to state a claim upon which relief could be granted.

## B. PLAINTIFF'S UNJUST ENRICHMENT, PROMISSORY ESTOPPEL, AND CONSTRUCTIVE TRUST CLAIMS

Plaintiff argues that she was entitled to relief on her claim of unjust enrichment because defendants now have legal title to the property free and clear of plaintiff's ownership rights due to One West Bank's misrepresentations. Plaintiff asserts that the inequity she has suffered is "obvious." We disagree.

In order to succeed on a claim of unjust enrichment, "a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 195; 729 NW2d 898 (2006). However, a claim seeking an implied contract to remedy unjust enrichment fails when there is an express contract covering the same subject matter between the same parties. See *Belle Isle Grill Corp v City of Detroit*, 256 Mich App 463, 478; 666 NW2d 271 (2003).

There was an express contract between these parties regarding plaintiff's rights to the property: the mortgage. In addition, plaintiff does not identify what benefit One West Bank received from her that left her with an inequity. Under the terms of the contract, plaintiff was not entitled to a loan modification before One West Bank's initiation of foreclosure proceedings. Plaintiff fails to identify what benefit she gave to One West Bank that it was not already entitled to under the terms of the mortgage. Therefore, plaintiff's claim for unjust enrichment fails to state a claim on which relief could be granted. MCR 2.116(C)(8).

Plaintiff also argues that she is entitled to relief on her claim of promissory estoppel because defendants misled plaintiff "into believing that she would either obtain a [l]oan [m]odification or have a definitive decision on whether she would obtain a [l]oan [m]odification before [defendants] would go forward with a [s]heriff [s]ale." In addition to being barred by the

statute of frauds, as discussed in Part III, *supra*, plaintiff's argument fails for failure to state a claim upon which relief can be granted.

Under the doctrine of promissory estoppel, a promise that "'the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'" *State Bank of Standish v Curry*, 442 Mich 76, 83; 500 NW2d 104 (1993), quoting 1 Restatement Contracts, 2d, § 90, p 242. For a claim of promissory estoppel to be successful, the promise must be clear and definite. *Id*. at 85. A court will "look to the words and actions of the transaction as well as the nature of the relationship between the parties and the circumstances surrounding their actions" to determine whether a promise exists. *Id*. at 86. A clear and definite promise does not exist where "material terms of the agreement are lacking [because] the degree of certainty necessary in a promise is absent." See *id*. (citation and quotation marks omitted). For example, "general discussions of extending credit or past renewals of credit should not lead a borrower to reasonably believe that credit will be extended or renewed again and again." *Id*. at 87 (citation and quotation marks omitted).

Plaintiff cannot identify a clear and definite promise here. In her complaint, plaintiff alleges that "[One West Bank] . . . assured [p]laintiff and [her] representatives that during the [l]oan [m]odification and [s]hort [s]ale process [One West Bank] would reschedule the [sheriff's sale] so that [p]laintiff would not lose her home." This alleged promise completely lacks definition regarding the date for which One West Bank would reschedule the sheriff's sale or regarding whether the bank intended to halt it completely until the short sale process and loan modification process were complete. Due to the vague nature of this alleged promise, the nature of the relationship between the parties, and the circumstances involved, this alleged promise was not definite enough to constitute an actionable promise. Thus, plaintiff's claim for promissory estoppel fails for failure to state a claim upon which relief could be granted.

Finally, plaintiff never would have succeeded on a claim of constructive trust because a constructive trust is not an independent cause of action; it is an equitable remedy. *CPAN v MCCA*, 305 Mich App 301, 325; 852 NW2d 229 (2014). Thus, the count in plaintiff's complaint that sought to impose a constructive trust was legally insufficient to state a claim. See *id*. Further, plaintiff would not have been eligible to receive a constructive trust as a remedy because, as discussed *supra*, she failed to sufficiently plead fraud, misrepresentation, or any other cause of action that could have led to the imposition of a constructive trust.

V. MCR 2.116(C)(10)

Plaintiff argues that defendants breached former MCL 600.3205c by failing to give plaintiff the required 90 days for a good faith opportunity to negotiate a loan modification. We disagree.

The statutory scheme that plaintiff relies upon for this claim was not effective when the foreclosure began. A mortgage holder or servicer's responsibilities under MCL 600.3205c(7) required that if a borrower was eligible for a modification, the mortgage holder or servicer could only proceed to foreclosure if the borrower had been offered a modification agreement in good faith and if the borrower had not executed and returned the modification agreement within 14

days after receipt of the agreement. 2009 PA 31.[2] However, as noted by MCL 600.3204(4) and (5), these responsibilities only applied to foreclosures for which the first notice of the foreclosure was published after July 5, 2009, the date that MCL 600.3205c went into effect. 2009 PA 29.[3] The sheriff's deed contained an affidavit of publication that identified that the first date that notice of the foreclosure was published was July 2, 2009. Plaintiff offered no evidence to rebut this date of publication. Therefore, there was no genuine issue of material fact. Defendants cannot have violated a statute that did not apply to this particular foreclosure.

## VI. TRANSFER OF THE PROPERTY TO THE TRUST

Plaintiff argues that pursuant to the terms of the trust pooling and servicing agreement, US Bank NA could not purchase the property to place into the trust. "[T]o preserve an issue for appellate review, the issue must be raised before and decided by the trial court." *Detroit Leasing Co v City of Detroit*, 269 Mich App 233, 237; 713 NW2d 269 (2005). It is well established that Michigan appellate courts will not review issues that were not preserved before the trial court unless "review is necessary to avoid a miscarriage of justice." *Napier v Jacobs*, 429 Mich 222, 232-233; 414 NW2d 862 (1987). Here, the issue was not properly preserved because plaintiff did not make the argument before the decision regarding the motion for summary disposition. Review is not necessary to avoid a miscarriage of justice, and we decline to address the merits of plaintiff's claim.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro

---

[2] We cite this statutory provision using its public act number because this statute was repealed by 2014 PA 521, which went into effect on June 30, 2013.

[3] We cite these statutory provisions by their public act number because these portions of the statute were repealed by 2014 PA 125, which went into effect on June 19, 2014.