## LIDKE *v.* JACKSON VIBRATORS, INC.

1. CONTRACTS—THIRD-PARTY BENEFICIARY—CONDITIONS.

   The rights of a third party for whose benefit a promise is made are deemed to vest when the promise becomes legally binding on the promisor but are subject to such express or implied conditions, limitations, or infirmities of the contract to which the rights of the promisee or the promise are subject.

2. SAME—THIRD-PARTY BENEFICIARY—REBUILDING FUND.

   Vendor of property which was damaged by fire after execution of land contract requiring vendee to keep premises insured to take care of reconstruction costs was not liable to materialman for building supplies furnished assignee of vendee in rebuilding damaged structures, where the insurer denied liability to the vendor, since the vendor, as promisee, had not received funds distributable to those claiming rights as third-party beneficiaries.

3. PRINCIPAL AND AGENT—EVIDENCE.

   Neither an implied agency nor agency by estoppel between defendants *held*, shown in record presented by materialman who supplied materials for rebuilding structures destroyed by fire in action against vendor and vendee's assignees, wherein it was sought to hold vendor as principal by reason of acts of the assignees.

4. SAME—AUTHORITY.

   Authority must be traceable to the principal himself in order to hold him liable for the acts of the agent who is alleged to have acted in the exercise of apparent authority.

5. SAME—APPARENT AUTHORITY—EVIDENCE.

   Apparent authority of an agent cannot be established by statements or conduct of the agent, but only by action of the principal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  17 Am Jur 2d, Contracts § 302 *et seq.*
[2]  17 Am Jur 2d, Contractor's Bonds § 15 *et seq.*
     55 Am Jur, Vendor and Purchaser § 402 *et seq.*
[3]  3 Am Jur 2d, Agency §§ 18, 19.
[4–6]  3 Am Jur 2d, Agency § 73 *et seq.*
[7, 8]  3 Am Jur 2d, Agency § 78.

6. Same—Apparent Authority—Evidence.

Record presented in nonjury action against alleged agents and their principal *held*, to require finding of Court of Appeals that plaintiff had failed to establish apparent authority or implied agency of the alleged agents in order to hold the principal.

7. Same—Authority.

Persons dealing with agents are bound at their peril to ascertain the extent and nature of the agent's authority.

8. Same—Authority of Interested Party to Act as Agent.

One dealing with a person who has a direct interest in the benefits of the dealings is put on notice to inquire into the authority of the individual to function as agent of another also interested in the matter.

Appeal from Mason; Stephens (Rupert B.), J. Submitted Division 3 May 11, 1965, at Lansing. (Docket No. 94.) Decided October 18, 1965. Rehearing denied December 9, 1965. Leave to appeal granted by Supreme Court February 22, 1966. See 377 Mich 703.

Declaration by Cloyce Lidke, doing business as Lidke's Feed Mill, against Jackson Vibrators, Inc., an Illinois corporation, and Harris E. Cregg and Frances E. Cregg for materials supplied to rebuild farm buildings destroyed by fire. Judgment for plaintiff. Defendant Jackson Vibrators, Inc., appeals. Reversed.

*Lidke & Sanford (Jerome R. Sanford,* of counsel), for plaintiff.

*Warner, Norcross & Judd (Charles C. Lundstrom,* of counsel), for defendant Jackson Vibrators, Inc.

*Eugene Christman,* for defendants Cregg.

Burns, J. Defendant-appellant, Jackson Vibrators, Inc., an Illinois corporation, appeals a judg-

ment rendered by the trial court without a jury in favor of the plaintiff-appellee, Lidke, for building supplies furnished in the sum of $5,018.34 with interest in the amount of $501.60, for a total judgment of $5,519.94, together with taxable costs.

The facts of the case indicate that Jackson Vibrators, Inc., hereinafter referred to as "Jackson," owned certain real estate located in Mason county, Michigan. On November 13, 1958, Jackson sold the premises to one Robert Rabe under land contract for the sum of $35,000. Subsequently, on April 9, 1960, Rabe assigned his vendee's interest in the land contract to Harris E. Cregg and Frances E. Cregg, defendants-appellees, hereinafter called "Creggs". The written land contract dated November 13, 1958, provided the following:

"3. Said second party [purchaser] shall keep all buildings now on or that may hereafter be placed on said premises insured in the name of and in manner and amount and by insurers approved by first party [seller], and leave the policy with first party, and in case of loss the insurance proceeds shall be used for rebuilding, repairing and replacing the leased premises, unless, by mutual agreement, paid to first party and indorsed on this contract to the extent of the amount unpaid thereon and the balance, if any, shall belong and be paid to second party."

At the time of the original land contract and the assignment to Creggs, Jackson had the premises insured against loss by fire with Northwestern Mutual Insurance Company for the period of November 26, 1957, through November 26, 1960. The premium on this insurance was fully paid. This insurance was maintained in force and a prorated portion of the premium was charged to Rabe and subsequently was charged to the Creggs.

On September 26, 1960, a barn and other buildings located on the premises were destroyed by fire. The

aggregate amount of the insurance covering the buildings in question under the Northwestern policy was $31,300. After the fire the Creggs had a conference with the people from Jackson and the Creggs were instructed by one Mr. Pfleiderer, a trustee of said company, to go ahead and rebuild the barn and to keep within the insurance proceeds. It was understood that the costs of reconstruction were to be paid from the insurance proceeds. He further informed the Creggs that one Morgan Hall and one Miss McDonald would be their bosses and oversee this building. And, that the said Mr. Hall and Miss McDonald would take charge of the accounting and would keep the finances straight. Morgan Hall was the secretary of said corporation and Miss McDonald was the treasurer.

On the basis of these instructions, the Creggs proceeded to order materials and to contract for labor to rebuild said barn. Near the end of October of 1960, Jackson was advised by the insurance carrier that it denied liability under the policy and the Creggs were allegedly advised, but continued with the construction. Said materials were delivered by the plaintiff from time to time between the dates October 24, 1960 and January 18, 1961. During this rebuilding, Mr. Hall did make periodic checks on the progress of the new buildings and such information concerning the progress of said construction was passed on to the trustees of Jackson. All bills were turned over to Miss McDonald as treasurer of Jackson.

Upon a review of the entire testimony, it does appear that there was a firm understanding and agreement between Jackson and the Creggs to the effect that the Creggs were authorized to go ahead and contract for labor and materials to rebuild the barn; that Jackson would pay these bills from the insurance proceeds.

Jackson denied liability to Lidke. Plaintiff filed suit against the defendants Jackson and Creggs for materials furnished in rebuilding the barn upon Creggs' order.

It is the plaintiff's claim that he is a third-party beneficiary of the contract between the defendants under the statute and that said defendants have refused to pay for said materials. CL 1948, § 691.543 (Stat Ann 1953 Rev § 26.1233)[1] provides:

"The rights of a person for whose benefit a promise has been made, as hereinbefore defined, shall be deemed to have become vested, *subject always to such express or implied conditions,* limitations, or infirmities of the contract to which the rights of the promisee or the promise are subject, without any act or knowledge on his part, the moment the promise becomes legally binding on the promisor, unless there is some stipulation, agreement or understanding in the contract to the contrary." (Emphasis supplied.)

The record in this case indicates that recovery on the insurance policy by Jackson and the availability of the insurance proceeds for payment of expenses of reconstruction of the destroyed properties, was a condition precedent to the dispersal of any funds on behalf of the Creggs by Jackson. Jackson has not received any money from the insurance carrier. Thus, since the condition precedent to liability has not been met, there can be no recovery by the plaintiff as a third-party beneficiary to the contract.

Under count 2 of his declaration plaintiff alleges that defendant corporation, believing itself responsible for the cost of reconstructing the barn, created its vendee Harris E. Cregg its agent for the purpose of contracting for the reconstruction of said barn.

---

[1] See, currently, CLS 1961, § 600.1405 (Stat Ann 1962 Rev § 27A.1405).

As such agent Creggs contracted for materials to the extent of $5,018.34 and although the defendant corporation paid the labor costs involved in reconstruction, it has refused to pay this plaintiff.

Plaintiff testified he understood the Creggs were acting as agents of Jackson and that the only representation upon which he based this conclusion was that the Creggs told him that Jackson Vibrators "told the Creggs to go ahead with the barn." Plaintiff admitted that no one from Jackson ever represented to him that the Creggs were their agents and that the plaintiff had never sold merchandise to the Creggs for which Jackson paid. Plaintiff had no contact with Jackson until a final bill was presented, dated January 18, 1961. Jackson did not indicate at this time it would pay the bill.

A review of the record clearly indicates that it is totally devoid of any evidence that would sustain the findings of an actual or implied agency or agency by estoppel.

It has long been held the law of Michigan that to render a principal liable for the acts of an agent in the exercise of apparent authority, the facts giving rise to such authority must be traceable to the principal himself. *Cutler* v. *Grinnell Brothers* (1949), 325 Mich 370; *Richards* v. *Lowrie & Webb Lumber Co.* (1947), 317 Mich 42. In *Wierman* v. *Bay City-Michigan Sugar Co.* (1905), 142 Mich 422, it was held that apparent authority of an agent cannot be established by statements or conduct of the agent, but only by action of the principal.

The record herein affirmatively established by the plaintiff's witnesses that Jackson made no representation to the plaintiff, and that the plaintiff relied on the statements of an alleged agent to establish his authority. It is the finding of this Court that plaintiff failed to establish apparent authority or

implied agency to hold Jackson liable for the acts of an alleged agent.

Persons dealing with agents are bound at their peril to ascertain the extent and nature of the agent's authority. As in the instant case, one dealing with a person who has a direct interest in the benefits of the dealings is put on notice to inquire into the authority of said individual.

Judgment is hereby reversed; costs to appellant.

LESINSKI, C. J., and HOLBROOK, J., concurred.