**Carmelo RIOS, Plaintiff,**

v.

**NIAGARA MACHINE AND TOOL WORKS, Electro Dynamics & Telecom, Ltd., Defendants.**

**No. G77–248 CA1.**

United States District Court, W. D. Michigan, S. D.

March 25, 1980.

Robert C. Timmons, Murphy, Burns & McInerney, Grand Rapids, Mich., for plaintiff.

Landman, Hathaway, Latimer, Clink & Robb by William F. McNally, Muskegon, Mich., for Electro Dynamics & Telecom, Ltd.

Smith, Haughey, Rice & Roegge by David O. Haughey, Grand Rapids, Mich., for Niagara Machine & Tool Works.

## OPINION AND ORDER

BENJAMIN F. GIBSON, District Judge.

On May 20, 1977, plaintiff Carmelo Rios filed a complaint for damages and a demand for jury trial. Jurisdiction of this matter is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

On March 19, 1976 while operating a power press in the course of his employment, Mr. Rios sustained a traumatic amputation of four fingers of his right hand. The press, known as a Niagara B–5–60 press or "press 39" was allegedly designed and manufactured by and sold to and installed in the premises of Rios' employer, Greenville

Products, by the defendant Niagara Machine and Tool Works (henceforth known as Niagara). Component parts and safety devices placed on machines manufactured by Niagara were manufactured and sold to Greenville Products by Electro Dynamics and Telecom, Limited (henceforth known as Electro Limited). Count I alleges negligence of Niagara and Electro in the design, manufacture and installation of the "press 39." The second count claims a breach of express and implied warranties. The third count of strict liability alleges that the component parts and safety devices as designed . . . "were defective, not reasonably safe for their intended uses and failed to contain proper operating instructions."

Prior to mailing out his service of process notice, the plaintiff attempted to establish that defendant Electro Limited was doing business at both 300 Merritt Avenue, Chatham, Ontario, and 79 West Monroe, Chicago, Illinois 60603. Plaintiff's attorney, Mr. Timmons, called Electro Dynamics and Telecom Sales (henceforth known as Sales) at 79 West Monroe Street, Chicago, Illinois 60603, requesting information about the "Fotoshield electronic safety device" which was manufactured by Electro Limited and involved in plaintiff's injury. Shortly thereafter, Timmons received a letter dated April 8, 1977 from Sales signed by Albert Serewicz, Vice-President. Enclosed with the letter was a brochure on which was printed the name Electro Limited, listing both the Chicago and Ontario, Canada addresses.

Service of process was made by plaintiff on Electro Dynamics and Telecom, Limited, at 79 West Monroe Street, Chicago, Illinois 60603 by certified mail on May 27, 1977, with return receipt requested. Plaintiff also mailed a copy of the Summons and Complaint to the Michigan Corporation and Securities Bureau, Lansing, Michigan, on May 25, 1977. At the hearing, the plaintiff presented to the Court a postmarked envelope dated June 15, 1977 with Complaint and Summons attached. It appears that the plaintiff attempted to serve Electro Dynamics and Telecom, Limited, at 300 Merritt Avenue, Chatham, Ontario by U.S. mail

and received a letter back with the notation "out of business."

Shortly thereafter, on June 16, 1977, the defendant Electro Limited filed a Motion to Quash Service of Summons pursuant to Rule 12(b) of the Fed.R.Civ.P. The defendant stated that the Summons and Complaint were improperly served upon 79 West Monroe Street, Chicago, Illinois 60603, and that, in any event, it was not amenable to service of process in Michigan. In addition, Electro Limited alleges the Court lacks jurisdiction. Because it denies doing business in Michigan, Electro claims it was not required to register with the Michigan Corporate and Securities Bureau.

Electro Limited claims it does not have the necessary contacts with the state of Michigan sufficient to satisfy the due process requirements of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945).

The issues presented at the hearing are the following:

(1) Was service of process pursuant to Mich. G.C.R. 105.4 and M.C.L.A. § 600.1920 properly made on defendant Electro Limited at 79 West Monroe, Chicago, Illinois 60603. (2) Even if service of process was proper, does Electro Limited have sufficient contacts with Michigan to bring it within the provisions of the long-arm statute? RJA 705; M.C.L.A. § 600.705; M.S.A. § 27A.705. (3) As required under the Due Process Clause does defendant Electro Limited have such minimum contacts with Michigan that maintenance of this action would not offend traditional motions of fair play and substantial justice.

Personal service on corporations is made in one of three ways pursuant to Rule 4 of the Federal Rules of Civil Procedure:

1. "To an officer, a managing or general agent." Fed.R.Civ.P. Rule 4(d)(3).

2. "To any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the

defendant." Rule 4(d)(3). (In the case at hand, the authorized agent to receive service of process on behalf of the bankrupt Electro Limited was the appointed trustee of the estate, Coopers and Lybrand Limited.)

3. "In manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of the summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." Rule 4(d)(7).

Plaintiff claims he complied with service of process requirements in several ways. Using Fed.R.Civ.P. 4(d)(7), plaintiff attempted to apply M.C.L.A. § 600.1920 as repeated in G.C.R. 105.4 which states:

> Service of process upon a corporation, whether domestic or foreign, may be made by . . .
>
> (4) mailing a summons and a copy of the complaint by registered mail to the *corporation* or an *appropriate corporation officer* and to the Michigan Corporation and Securities Commission if: (emphasis added)
>
> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of such appointment as by law required; . . .

■ The statute clearly requires that the complaint be mailed to the corporation or an appropriate corporation officer. It is the finding of this Court that sending the Complaint and Summons to 79 West Monroe, Chicago, Illinois 60603 was not service upon the corporation Electro Limited.

The record indicates that Electro Limited is and has been a Canadian corporation. The record also indicates that defendant Electro Limited had no one in the Chicago office authorized by law to receive service of process. An affidavit by the Trustee, Coopers and Lybrand, of the estate of Electro Limited of the City of Chatham, County of Kent of the Providence of Ontario, declared that Electro Limited had filed an assignment in bankruptcy on January 28, 1976. "Our appointment as Trustee was affirmed at the first meeting of the creditors held on February 23, 1976," stated D. A. Buehlow, Coopers and Lybrand, Limited, Trustee. Because of the filing of bankruptcy, there were no employees, officers or agents capable of properly accepting service of process. It is unknown to the Court whether Electro Limited has been discharged in bankruptcy.

Secondly, the receipt of the Summons and Complaint was made by M. A. Soyugenc, a substitute receptionist. She indicated she did not know the service was addressed to Electro Limited. Under the statute, service upon her does not qualify as on "an appropriate corporation officer."

■ Even if there is a connection between Electro Limited and Sales, the Court finds that service is not sufficient upon *any* office of the corporation. It is the finding of this Court that there was not a sufficient relationship between Electro Limited and Electro Sales such that service on Electro Sales was service on Electro Limited. Service of process on a corporation generally means service at the corporate headquarters or the principal place of business.

■ Whether a person is a managing or general agent depends on the person's duties and authority, not title. The person occupying this position typically will perform duties which are "sufficiently necessary" to the corporation's operations, and the person's relationship to the corporation will "reflect a degree of continuity" as contrasted to acting as an agent sporadically or in a single transaction. *Gottlieb v. Sandia American Corp.*, 452 F.2d 510 (3rd Cir. 1971). The trend of authority is to hold that an agent within the state who provides important services beyond mere solicitation has implied authority for accepting service of process. *Wells Fargo and Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977); *Gelfand v. Tanner Motor Tours, Ltd.*, 385 F.2d 116 (2nd Cir. 1967).

■ The plaintiff attempted to assert that Sales is an agent of Electro Limited. A brochure and manual received by plain-

tiff from Sales listed Electro Limited's name and the Canada and Chicago addresses. Plaintiff asserts that these could only have been prepared by Electro Limited and indicate that Electro Limited is doing business in both places. Although this argument is tenable, there is no evidence on the record that Electro Limited did in fact print these items. The representations made by plaintiff appear to have come from Sales only. There is no evidence that Electro Limited held themselves out or acquiesced in or had knowledge of Sales representations.

Nowhere in the record has there been evidence presented to this Court that Sales is an agent of Electro Limited. There is nothing in the record to indicate that plaintiff made any attempt to find out from Sales or from Electro Limited whether an agency relationship existed. Sales has used the name of "Electro Dynamics & Telecom," but their acts appear to be that of an independent distributor.

The case law in Michigan is clear. In *Cutler v. Grinnell Brothers*, 325 Mich. 370, 38 N.W.2d 893 (1949) the Court summarized Michigan law as follows:

> "When a principal cloaks his agent with apparent authority to do an act not actually authorized, the principal is bound thereby."

> "The apparent authority for which the principal may be liable must, however, be traceable to him, and cannot be established by the acts and conduct of the agent." *Richards v. Lowrie & Webb Lumber Co.*, 317 Mich. 42, 26 N.W.2d 590, 592.

> "A person who deals with an agent is bound to inquire into the extent of his authority, ignorance of which is no excuse." *Hurley v. Watson* (syllabus), 68 Mich. 531, 36 N.W. 726.

> "One dealing with an agent is bound to inquire into the extent of his authority, not from the agent, in the absence of written evidence thereof, but from the principal, if accessible; and dealings or engagements of the agent beyond the scope of his authority do not bind the

principal." *Delta Lumber Co. v. Williams* (syllabus), 73 Mich. 86, 40 N.W. 940. There is no indication that Electro Limited made any representations to the plaintiff in any way indicating that Sales was its agent. Plaintiff relied on the statements of an alleged agent to establish authority. The statements of the vice-president of Sales would only serve to bind Sales and not Electro. The finding of Sales' authority appears to be misplaced.

The record indicates that Sales, a Division of Suttle Corporation, is a separate corporation from Electro Limited. Sales simply sold products that it had purchased from Limited, FOB Chatham, Ontario. In addition, counsel for plaintiff appears to be cognizant of this fact since service was made on Electro Sales, Division of Suttle Corporation, defendant in a similar suit filed by plaintiff in Judge Boucher's Circuit Court, County of Kent, Grand Rapids, Case No. 79–27276 NP.

Without a clear indication that Electro Limited had knowledge that Sales was holding itself out as a "branch office," this Court is unable to find a legal relationship sufficient to have effectuated proper service pursuant to the statutes. It is the finding of this Court that plaintiff has failed to establish apparent authority or implied agency to hold Electro Limited liable for the acts of its alleged agent Sales.

Crucial to the Court's decision is the action of the plaintiff in light of the above information. Defendant Electro Limited filed its Motion to Quash Service of Summons not even one month after plaintiff filed his Complaint. It has now been two and one half years since the motion has been filed and plaintiff still has not properly effectuated service of process.

The motion was filed which would indicate that Sales was not legally connected to Electro. It would appear to the Court that the plaintiff was put on notice by defendant Electro Limited when the motion was filed that Sales was not authorized to accept service. The situation could have been remedied at a much earlier date. The Court also observes that at no time has

service been made upon Electro Dynamic & Telecom *Sales* (emphasis added) in this action. This should not be a problem since the filing of an action tolls any statute of limitations which would apply. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

Even if the statute of limitations were a problem, in its discretion and upon such terms as it deems just, the Court may allow any process or proof of service to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process was issued. Fed.R.Civ.P. 4(h).

However, compliance with the requirements of service does not necessarily solve the basic question of whether the court has jurisdiction of a foreign corporation. This would encompass an analysis of whether Electro Dynamics Sales or Electro Limited are "doing business in the state."

For Michigan to maintain long-arm jurisdiction over Electro Limited there must have been some act by the defendant in which he purposely avails himself of the privilege of conducting activities within the forum state. *Khalaf v. Bankers & Shippers Ins.*, 404 Mich. 134, 273 N.W.2d 811, (1978). The act done or consequences to occur in the state resulting in an action for tort was the amputation of plaintiff's fingers as a result of negligence and/or defects in defendant's product. Defendant installed its safety devices in Michigan "entering into a contract for services to be performed or for materials to be furnished." Defendant's acts appear to fall under the Michigan Long-Arm statute.

Michigan has an interest in providing an effective means of redress for its residents who are injured in Michigan by a non-resident defendant. This is one factor to be considered in personal jurisdiction. The *Khalaf* Court also states that three other factors should be considered, namely, the quantity of the contacts, the nature and quality of the contacts, and the source of connection of the cause of action. What is not known is whether the sale to plaintiff's employer was an isolated instance or whether Electro Limited conducts a substantial amount of business in the State of Michigan. Facts as to these latter matters were not presented to the Court on the record to make a judgment as to Electro Limited's involvement in the State of Michigan.

Because of the insufficient record, this Court refrains from deciding the second and third issues pertaining to minimum contacts within the state of Michigan.

This Court does find improper service of process upon Electro Limited. Therefore, defendant Electro Limited's Motion to Quash Service of Summons is hereby granted.

IT IS SO ORDERED.