HACH COMPANY, demandante y recurrida, *v.* PURE WATER SYSTEMS, INC. (Antes AGUA VIDA, INC.), demandada y peticionaria.

*Número:* O-82-516 *Resuelto:* 18 de marzo de 1983

*Darío Padín Mimoso*, abogado de la peticionaria; *Dohanie Sepúl-veda*, de *McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz Suria*, abogado de la recurrida.

PER CURIAM: Pure Water Systems, Inc., demandada en el Tribunal Superior, Sala de San Juan, recurre de resolución que declaró sin lugar una petición de nulidad de procedimientos. Se trata de una acción en cobro de dinero por la cantidad de $22,588.87. Se emplazó a la demandada mediante edictos. La solicitud de la orden para emplazar por edictos estuvo acompañada de la siguiente declaración jurada del emplazador:

### DECLARACIÓN JURADA

Yo, Rafael Saenz, mayor de edad, casado, vecino de San Juan, Puerto Rico, bajo juramento declaro.

1. Que mis circunstancias personales son las arriba expuestas.

2. Que no tengo interés alguno en el caso de referencia ni trabajo para los abogados que representan a la demandante en autos.

3. Que el martes 5 de mayo de 1981 a las once de la mañana me trasladé a la calle Guerrero Noble número 13-A Park Boulevard en Santurce para emplazar a uno de los Directores u Oficiales de la Compañía Pure Water Systems. Toqué el timbre y pregunté por algún oficial o director de la compañía. La persona que estaba adentro de la casa me informó que no había nadie y que volviera luego.

4. Que el viernes 8 de mayo de 1981 volví a dichas oficinas y éstas estaban cerradas. Al tocar el timbre abrió una ventana una joven y me informó que ella era la secretaria de la firma. Esta joven, cuyo nombre es Alma Sosa, no abrió la puerta y me informó que los oficiales y directores vivían en la isla de Tortola, que nunca venían a Puerto Rico y que se comunicaban con ella por teléfono solamente. Me informó además que no sabía la dirección ni el teléfono de ellos en

Tortola ya que ella nunca los llamaba y ellos eran quienes la llamaban a ella.

5. Que lo anterior es la verdad y nada m[á]s que la verdad.

En San Juan, Puerto Rico, a 16 de junio de 1981.

*Fdo. Rafael Saenz*
RAFAEL SAENZ

Los edictos fueron publicados y se envió copia de la demanda y del edicto por correo certificado con acuse de recibo a la dirección postal y a la dirección física de la demandada. Ésta rehusó el recibo de ambas notificaciones, según consta de las anotaciones hechas por el correo en los sobres.

Mediante sentencia en rebeldía del 10 de noviembre de 1981, el Tribunal Superior declaró con lugar la demanda. Para ejecutarla, se embargaron $22,588.87 de ciertos fondos que la Autoridad de Energía Eléctrica adeudaba a la demandada.

El 30 de abril de 1982 la demandada compareció, especialmente, a fin de impugnar la jurisdicción del tribunal sobre su persona. Se celebró una vista en la que el tribunal recibió prueba documental y escuchó argumentación de ambas partes, luego de lo cual declaró sin lugar el planteamiento de falta de jurisdicción.

En su recurso ante nos la peticionaria reproduce su reclamo de falta de jurisdicción. Argumenta que la Regla 4.5 de Procedimiento Civil limita el uso del emplazamiento sustituto al caso de las corporaciones extranjeras que no tienen agente residente en Puerto Rico; y que ello es así porque la Ley General de Corporaciones de 1956 (14 L.P.R.A. sec. 1301 *et seq.*) requiere que toda corporación doméstica tenga un agente residente para recibir emplazamientos, cuyo nombre y dirección debe constar en el Departamento de Estado. Admite, sin embargo, que si el agente residente y todos los directores, oficiales, gerentes y agentes de una corporación estuvieren fuera de Puerto Rico o no pudieren ser localizados luego de realizarse las diligencias perti-

nentes, o se ocultaren para no ser emplazados, entonces se puede recurrir al método sustituto de publicación de edictos. Insiste en que éste no es su caso, pues su agente residente reside en Puerto Rico.

Argumenta además la peticionaria, que la declaración jurada prestada por el emplazador es insuficiente para obtener una orden para emplazar por edictos, porque en ella solo se expresa una gestión mínima de dos visitas a la oficina de la demandada en que se le informó por la secretaria de la oficina que sus oficiales y directores vivían en la isla de Tortola y no venían a Puerto Rico, que no sabía su dirección ni su teléfono allá; que no expresa otras diligencias hechas por el emplazador para investigar entre los vecinos de la calle, en el Cuartel de la Policía, el correo y la alcaldía, según lo requiere el debido procedimiento de ley, y que tampoco indica qué gestiones hizo el emplazador para conseguir al señor Lucas Boevé, agente residente designado por la corporación.

Por último, argumenta que no se intentó diligenciar el emplazamiento en la persona de la señora Alma Sosa, quien le indicó al emplazador que estaba a cargo de la oficina.

El 2 de septiembre concedimos a la demandánte recurrida un plazo para que mostrara causa por la cual no debíamos expedir el auto solicitado y dejar sin efecto la sentencia dictada en rebeldía, para que el caso se ventile en sus méritos. La recurrida ha comparecido y su escrito nos persuade.

▮▮▮▮ Como norma general un demandado debe ser notificado personalmente de la demanda para así garantizarle su derecho a ser oído. *Mundo* v. *Fúster*, 87 D.P.R. 363 (1963). En el caso de una corporación, el emplazamiento personal se hace entregando copia del emplazamiento y la demanda a un oficial, agente administrativo o agente general o a cualquier otro agente autorizado por nombramiento o designado por ley para recibir emplazamientos. Regla 4.4(e) de Procedimiento Civil. Únicamente en las cir-

cunstancias que enumera la Regla 4.5 puede emplazarse por edictos.(¹)

El argumento de la peticionaria de que no procedía el emplazamiento por edictos, porque se trata de una corporación doméstica que tiene el deber de designar un agente residente para recibir emplazamientos, es inmeritorio. Su agente residente designado es el señor Lucas Boevé, quien también es su presidente y quien, según la información ofrecida por su empleada, señora Alma Sosa, reside en la isla de Tortola. La peticionaria no podía impedir ser emplazada mediante su omisión de tener un agente residente que resida en Puerto Rico.

■ La demandante recurrida cumplió cabalmente con los requisitos de la Regla 4.5. Primeramente acudió a la dirección donde radican las oficinas de la peticionaria. Esta dirección es la misma que consta en los records del Departamento de Estado. Ante las indicaciones de la empleada que se encontraba en esa dirección, quien se identificó por su nombre y el puesto que ocupaba, de que todos los directores y oficiales residen en la isla de Tortola, que no vienen a Puerto Rico, y que no conoce su dirección ni su teléfono porque ella no se comunica con ellos, sino que ellos la llaman, no era necesario que la demandante hiciera ninguna otra investigación para dar con el paradero de dichas personas, pues éstas se encontraban fuera de Puerto Rico. Véase, *Danis* v. *Corte Municipal*, 57 D.P.R. 830, 834 (1940).

---

(¹) La Regla 4.5 de Procedimiento Civil dispone en su parte pertinente:

"Cuando la persona a ser emplazada estuviere fuera de Puerto Rico, o estando en Puerto Rico, no pudiere ser localizada después de realizadas las diligencias pertinentes, o se ocultare para no ser emplazada, o si fuere una corporación extranjera sin agente residente, y así se comprobare a satisfacción del tribunal mediante declaración jurada, con expresión de dichas diligencias, y apareciere también de dicha declaración, o de la demanda jurada presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden disponiendo [*sic*] que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden disponiendo [*sic*] que el emplazamiento se haga por edicto."

Es de notar, además, que tratándose de una corporación, no era necesario hacer ninguna investigación en la comunidad pues, como tal, tenía la obligación, bajo la Ley de Corporaciones, 14 L.P.R.A. secs. 1301–1305, de informar en el Departamento de Estado la dirección y el nombre de su agente residente.

 El planteamiento de que el emplazamiento pudo haberse entregado a la señora Alma Rivera de Sosa, secretaria de la oficina, tampoco tiene mérito. Los casos citados por la recurrente no apoyan su posición. En *González* v. *Chávez*, 103 D.P.R. 474 (1975), resolvimos que una corporación queda emplazada cuando el emplazamiento lo recibe una persona autorizada para ello por la compañía. Allí la demandada argumentaba que la persona que recibió el emplazamiento estaba autorizada para recibirlo, pero no a quedar emplazada. Para determinar si una persona es administradora o agente general de una corporación a fin de recibir emplazamientos para ésta, se debe atender a los deberes, funciones y autoridad de la persona y no a su título. No vemos cómo pueda argumentarse que la señora Alma Rivera de Sosa pueda ser considerada administradora o agente general de la recurrente, cuando ni siquiera conoce la dirección o el teléfono de sus oficiales y directores. Véase, *Rios* v. *Niagara Mach. and Tool Works*, 86 F.R.D. 383 (1980).

 Por último, es de tenerse en cuenta que en este caso la recurrente tuvo una razonable oportunidad de enterarse del contenido de la demanda que le fuera enviada con el emplazamiento por correo certificado a la dirección que aceptó como correcta. Su actuación al rehusar recibir dicha correspondencia fue un obstáculo puesto por ella misma en el procedimiento. No puede quejarse de sus propias actuaciones.

Por los fundamentos expuestos, *se dictará sentencia en virtud de la cual se expida el auto solicitado y se confirme la resolución recurrida.*