Opinión de conformidad emitida por el
Juez Asociado Se-ñor Fuster Berlinger,
a la cual se unen el Juez Presi-dente Señor Hernández Denton y la Jueza Asociada Se-ñora Fiol Matta.
Los hechos del caso de autos nos permiten precisar los contornos de la Regla 4.4(e) de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, e integrar nuestras expresiones previas sobre el particular.
I
El 11 de febrero de 2003 Luis Nazario Morales, su es-posa, Ana María Rivera Vargas, y la Sociedad Legal de Bienes Gananciales constituida por ambos (los peticiona-rios) presentaron una demanda en daños y perjuicios contra la Autoridad de Energía Eléctrica (A.E.E. o recurrida) ante el Tribunal de Primera Instancia, Sala Superior de Aguada. Expedido el emplazamiento, los peticionarios lo diligenciaron el 5 de marzo de 2003, a través de Wilfredo Hernández, Supervisor de la A.E.E. en la Región de Aguadilla. El 24 de abril de 2003 la A.E.E. hizo una com-parecencia especial ante el foro de instancia, sin someterse *651 a la jurisdicción del tribunal, en la que solicitó la desesti-mación de la demanda. Adujo que no había sido emplazada conforme a los parámetros de la Regla 4.4 de Procedi-miento Civil, supra. En específico, la recurrida alegó que el Director Ejecutivo, haciendo uso de las facultades que le provee la ley orgánica de la A.E.E., 22 L.P.R.A. see. 191 et seq., había designado al personal de la División de Opinio-nes, Legislación y Contratos, del Directorado de Asuntos Jurídicos, como los funcionarios capacitados para recibir emplazamientos. Por ello, concluyó la recurrida, el Supervisor de la A.E.E. en la Región de Aguadilla no tenía la facultad de recibir emplazamientos a su nombre y, por lo tanto, el tribunal de instancia no había adquirido jurisdic-ción sobre ella.
Visto lo anterior, los peticionarios solicitaron que se emitieran nuevos emplazamientos, a lo que accedió el foro de instancia. Éstos fueron expedidos el 11 de junio de 2003 y diligenciados el 25 de junio del mismo año, a través de Wilson Castillo, Director de la División de Ingeniería de la A.E.E. Pasado el término para contestar la demanda sin que la A.E.E. compareciera ante el tribunal, los peticiona-rios presentaron una moción de anotación de rebeldía. En ese momento la A.E.E. presentó una segunda moción de desestimación y en oposición a la anotación de rebeldía, en la que planteó, nuevamente, que no había sido emplazada conforme a derecho. Alegó que el emplazamiento no se ha-bía diligenciado debidamente a través del personal de la División de Opiniones, Legislación y Contratos. Los peti-cionarios se opusieron a la desestimación. El Tribunal de Primera Instancia, el 30 de enero de 2004, declaró “sin lugar” la moción de desestimación y la anotación de rebel-día, y ordenó a los peticionarios a “emplaz[ar] correcta-mente”.
Opuesta a la orden del foro de instancia, la A.E.E. hizo una tercera comparecencia especial y presentó una moción de desestimación mediante la cual argumentó que, debido *652 a que había transcurrido el término de seis meses dis-puesto por la Regla 4.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, los peticionarios estaban impedidos de intentar emplazarlos nuevamente. El 19 de mayo de 2005 el foro de instancia llevó a cabo una vista sobre el estado de los pro-cedimientos en la que declaró “sin lugar” la tercera moción de desestimación y ordenó a los peticionarios a emplazar a la A.E.E. a través de su División de Opiniones, Legislación y Contratos.
Notificada la minuta que contenía dicha orden, la A.E.E. acudió al Tribunal de Apelaciones mediante un re-curso de certiorari. El foro intermedio revocó la determina-ción del foro de instancia pues, según su criterio, los peti-cionarios actuaron de manera obstinada al intentar emplazar a través de distintos funcionarios, cuando cono-cían que la A.E.E. había facultado a su División de Opinio-nes, Legislación y Contratos para recibir los emplaza-mientos. Según el Tribunal de Apelaciones, este proceder denotaba dejadez en la tramitación del caso, por lo cual el foro de instancia había abusado de su discreción al prorro-gar el término para emplazar y ordenar a los peticionarios, por tercera vez, que así lo hicieran.
Inconforme con esta decisión, los peticionarios presenta-ron un recurso de certiorari ante nuestra consideración, en el que plantearon los señalamientos de error siguientes:
1. Erró el Tribunal de Apelaciones al resolver que la Autori-dad de Energía Eléctrica no había sido emplazada conforme a derecho.
2. Erró el Tribunal de Apelaciones al resolver que el Tribunal de [Primera] Instancia abusó de su discreción al permitirle a los peticionarios volver a emplazar a la AEE. Petición de cer-tiorari, pág. 3.
El 9 de diciembre de 2005 ordenamos a la A.E.E. a que compareciera ante nosotros y mostrara causa, si alguna existiese, por la cual no debíamos expedir el recurso y re-vocar la decisión del Tribunal de Apelaciones. La A.E.E. *653 compareció en cumplimiento de nuestra orden. Pasamos a resolver.
II
El profesor Hernández Colón ha definido el emplaza-miento como el “acto procesal mediante el cual se comunica al demandado la demanda presentada en su contra y se le requiere a comparecer en autos para formular la alegación que proceda”. R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, San Juan, Michie of Puerto Rico, 1997, See. 2001, pág. 161. Como se sabe, su propósito es que el tribunal pueda “adquirir jurisdicción sobre la persona del demandado [,] llamándolo para que comparezca en juicio a defenderse o a hacer uso de su derecho”. Id. De esta forma se garantiza el debido proceso de ley exigido por las constituciones del Estado Libre Aso-ciado de Puerto Rico y de Estados Unidos. Véase Lucero v. San Juan Star, 159 D.P.R. 494, 506 (2003), y los casos allí citados. Precisamente por las exigencias constitucionales en torno al debido proceso de ley, para que un emplaza-miento se entienda válido (y así se pueda ejercer jurisdic-ción sobre la persona del demandado), es fundamental que se dé cumplimiento estricto a los requisitos dispuestos en las Reglas de Procedimiento Civil al respecto. Banco Popular v. S.L.G. Negrón, 164 D.P.R. 855 (2005); First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901, 913-914 (1998).
Dentro del cuerpo de Reglas de Procedimiento Civil, es la Regla 4 la que gobierna todo lo referente al emplaza-miento y su validez. Así, la citada Regla 4.3(b) de Procedi-miento Civil regula lo concerniente a quién puede diligen-ciar el emplazamiento y el término para hacerlo. Dispone específicamente que
.. .será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término s[ó]lo podrá ser prorrogado por un tér-mino razonable a discreción del tribunal si el demandante *654 demuestra justa causa para la concesión de la prórroga y soli-cita la misma dentro del término original. Transcurrido el tér-mino original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio. 32 L.P.R.A. Ap. III.
Es menester resaltar que al interpretar y aplicar esta regla, no hemos sido tan rigurosos como su lenguaje sugiere. En efecto, hemos resuelto que aunque el término de seis meses para diligenciar el emplazamiento es de cumplimiento estricto, éste puede ser prorrogado por los tribunales, incluso después de su vencimiento. Global v. Salaam, 164 D.P.R. 474 (2005); Banco Metropolitano v. Berrios, 110 D.P.R. 721, 725 (1981). Además, hemos protegido la discreción que las Reglas de Procedimiento Civil pro-veen al juzgador de instancia al momento de decidir si con-ceder una prórroga al término para emplazar. Hemos su-brayado la importancia de esta discreción, calificándola como el instrumento más poderoso de hacer justicia. Banco Metropolitano v. Berríos, supra, pág. 725. Sin embargo, es al demandante a quien corresponde justificar el incumpli-miento con los términos para emplazar, pues el juzgador no podrá ejercer su discreción en el vacío ni de manera arbitraria. Hemos establecido que “[d]ebe existir razón bien fundada que mueva la conciencia judicial a conceder el remedio”. Global v. Salaam, supra, pág. 481. Así, la con-cesión de la prórroga dependerá de si existe justa causa para concederla o si medió negligencia excusable por parte del demandante. Véanse: Global v. Salaam, supra; First Bank of P.R. v. Inmob. Nac., Inc., supra.
Por otra parte, aunque en casos recientes hemos recono-cido que el término para emplazar puede ser prorrogado tácitamente por los tribunales y que, asimismo, la determi-nación de justa causa por parte del juzgador de instancia puede ser sub silentio, cabe resaltar que la “mejor práctica” es que el juzgador de instancia expresamente indique que está prorrogando el término para emplazar y las razones *655 para ello. Banco Popular v. S.L.G. Negrón, supra; Global v. Salaam, supra.
En cuanto a la desestimación como sanción por no cum-plir con el término para emplazar, también hemos obser-vado que es una sanción muy drástica, y que debe reser-varse para casos extremos. Banco Popular v. S.L.G. Negrón, supra. Así, “[e]l tribunal siempre debe procurar un balance entre el interés en promover la tramitación rápida de los casos y la firme política judicial de que los casos sean resueltos en los méritos”. Íd., pág. 864.
Por su parte, la Regla 4.4 de Procedimiento Civil dis-pone cómo efectuar el emplazamiento personal. En su in-ciso (g), la Regla 4.4 dispone que para emplazar a una cor-poración pública hay que ceñirse a lo establecido en el inciso (e) para las personas jurídicas. 32 L.P.R.A. Ap. III. La Regla 4.4(e), a su vez, prescribe que el emplazamiento de una corporación, compañía, sociedad, asociación o cual-quier otra persona jurídica se diligenciará “entregando co-pia del emplazamiento y de la demanda a un oficial, ge-rente administrativo o agente general, o a cualquier otro agente autorizado por nombramiento o designado por ley para recibir emplazamientos”. 32 L.P.R.A. Ap. III.
Al interpretar esta regla hemos advertido que, al mo-mento de decidir sobre la idoneidad de una persona para recibir emplazamientos, debe atenderse “a los deberes, funciones y autoridad de la persona y no así su título”. Hach Co. v. Pure Water Systems, Inc., 114 D.P.R. 58, 63 (1983). Lo verdaderamente importante es que la persona que reciba el emplazamiento ostente cierto grado de capa-cidad de representación de la persona jurídica sobre la cual se desea adquirir jurisdicción. Lucero v. San Juan Star, supra, pág. 514. De esta forma nos aseguramos de que el método seleccionado para emplazar ofrezca la “probabili-dad razonable de informarle al demandado sobre la acción entablada en su contra”. (Énfasis suprimido.) Id., págs. 512-513. Véase Quiñones Román v. Cía. ABC, 152 D.P.R. 367, 374 (2000).
*656 Vemos, por lo tanto, que en nuestras decisiones anterio-res sobre el tema del emplazamiento de personas jurídicas, aunque consecuentemente hemos reconocido la importan-cia del cumplimiento estricto con los requisitos impuestos por las Reglas de Procedimiento Civil sobre el particular, ello no nos ha impedido declinar, también reiteradamente, la desestimación como sanción ante el incumplimiento con los términos dispuestos para emplazar. Tampoco nos ha impedido permitir el emplazamiento referido a través de personas que, aunque no ocupen los cargos aludidos en la Regla 4.4(e) de Procedimiento Civil, supra, sí cuenten con la capacidad representativa necesaria para recibir emplazamientos.
Veamos cómo aplica la reiterada normativa aludida al caso de autos.
III
En su primer señalamiento de error, los peticionarios cuestionan la determinación del Tribunal de Apelaciones en cuanto a que la A.E.E. no fue emplazada correctamente.
El Tribunal de Apelaciones, si bien reconoció que la ju-risprudencia ha sido flexible al determinar quién ostenta el grado requerido de representatividad para recibir em-plazamientos, concluyó que los peticionarios fueron infor-mados de que el personal de la División de Opiniones, Le-gislación y Contratos era el que estaba autorizado para recibir emplazamientos, y que, por lo tanto, los dos diligen-ciamientos a otros funcionarios de la A.E.E. fueron incorrectos. Aunque no lo dice abiertamente, la postura del foro intermedio parece ser que, una vez se autoriza a al-guien en particular para recibir emplazamientos, la persona jurídica objeto de la demanda no podrá ser emplazada a través de ningún otro agente que no sea el designado específicamente para ello. No podemos avalar tal conclusión.
*657 “Las Reglas de Procedimiento Civil se inspiran armo-niosamente en tres valores fundamentales de justicia, ra-pidez y economía, enmarcados en la norma de buena fe que debe permear la tramitación de toda causa de acción.” Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 288 (1988). Mediante el ordenamiento procesal civil, se procura fundamentalmente facilitar los trámites ante nuestros tribunales en términos de costos y tiempo, de modo que se garantice a todos los ciudadanos del país un acceso efectivo a la justicia. De este modo, valga repetirlo, hemos enfatizado que, en lo concerniente al emplaza-miento, aunque hay que adherirse al procedimiento im-puesto por las Reglas de Procedimiento Civil, lo realmente esencial y determinante es que el demandado conozca del pleito en su contra. La postura del Tribunal de Apelacio-nes, aparte de ser una lectura errada del texto de la citada Regla 4.4(e) de Procedimiento Civil, claramente desafía los referidos valores que enmarcan nuestro ordenamiento, además de ser incongruente con nuestras decisiones previas. Veamos.
De su claro tenor literal surge que la Regla 4.4(e) de Procedimiento Civil, supra, provee cuatro formas para em-plazar a una persona jurídica. Éstas son: (1) entregando el emplazamiento y una copia de la demanda a un oficial de la persona jurídica demandada; (2) entregando el emplaza-miento y una copia de la demanda a un gerente adminis-trativo de dicha persona; (3) entregando el emplazamiento y una copia de la demanda a su agente general, o (4) en-tregando el emplazamiento y una copia de la demanda a cualquier otro agente que haya sido autorizado a esos efec-tos por nombramiento o por ley.(1) Se deduce, por lo tanto, que las alternativas para emplazar a una persona jurídica que surgen de este inciso de la regla no son mutuamente *658 excluyentes: ninguna obstaculiza el uso de la otra. Ya en Quiñones Román v. Cía. ABC, supra, habíamos sugerido este resultado al decir, a modo de obiter dictum, que
...el hecho de que la corporación instruya a sus gerentes ope-racionales que dirijan o refieran a los emplazadores a las ofi-cinas corporativas principales y que en éstas tengan todo un sistema de organización interna para atender estos asuntos, no quiere decir que por ley no se pueda emplazar a la corpo-ración en otro lugar y que dicho emplazamiento no sea válido. Quiñones Román v. Cía. ABC, supra, pág. 381.
Hoy resolvemos, por lo tanto y para que no quede mar-gen de dudas, que las alternativas provistas por la Regla 4.4(e) de Procedimiento Civil, supra, para el emplaza-miento de personas jurídicas son opciones a beneficio del demandante. Es a éste a quien le toca decidir cómo empla-zará al demandado, no a la inversa. No cuestionamos el beneficio que representa tanto para demandantes como para demandados que haya personal específico autorizado o designado para recibir emplazamientos. Sin embargo, esto no puede ser fundamento para limitar las claras op-ciones que el ordenamiento procesal civil provee liberal-mente al demandante al momento de emplazar. Resolver lo contrario iría contra los valores que cimientan las Reglas de Procedimiento Civil, y del texto palmariamente claro de la regla en cuestión. Significaría que una parte deman-dada sólo puede ser emplazada según esa parte misma lo decida y que el demandante no puede emplazarla, aunque procure hacerlo a través de un funcionario de la parte de-mandada que tenga plena capacidad para representar a esa parte. Tal pretensión de la parte demandada no tiene fundamento alguno en nuestro ordenamiento procesal civil y este Foro debería rechazarla sin ambages.
En el caso ante nuestra consideración, los peticionarios diligenciaron el emplazamiento en dos ocasiones distintas, entregándolo, la primera vez, al Supervisor de la A.E.E. en la Región de Aguadilla, y la segunda vez al Director de la División de Ingeniería. En ambas ocasiones la A.E.E. ar- *659 gumentó que el emplazamiento había sido defectuoso, pues no había sido diligenciado a través del personal de la Divi-sión de Opiniones, Legislación y Contratos, y que, por lo tanto, el foro de instancia no había adquirido jurisdicción sobre su persona. Sin embargo, según surge de la discusión que antecede, no le tocaba a la A.E.E. escoger a través de quién sería emplazada, sino que esta opción le competía ejercitarla a los peticionarios. Claramente, éstos optaron por emplazar a la A.E.E. diligenciando el emplazamiento a través de funcionarios distintos al personal escogido a esos efectos por la recurrida. Distinto a los foros a quo, no cree-mos que esta actuación sea errónea en derecho.
Para determinar si, en efecto, la A.E.E. había sido em-plazada correctamente, lo que procedía era que el Tribunal de Primera Instancia decidiera si el emplazamiento, que no fue entregado al personal designado para ello por el Director Ejecutivo de la A.E.E., había sido entregado, no obstante, a un oficial, agente general o gerente administra-tivo de la A.E.E., según estos términos han sido interpre-tados por este Tribunal. De modo que, ante la alegación de falta de jurisdicción, el foro de instancia debió haber cele-brado una vista en la que se desfilara evidencia sobre el carácter representativo, los deberes y las funciones de las personas a las que se entregaron los emplazamientos. El foro de instancia no podía meramente expedir nuevos em-plazamientos y ordenar a reiniciar su tramitación. Recor-damos aquí nuestras severas expresiones en Lucero v. San Juan Star, supra, ante una situación similar. “Es menester recalcar que los tribunales no somos meros autómatas y que el proceso de formar conciencia judicial exige la comproba-ción de cualquier aseveración mediante prueba. A tales efectos, hemos reiterado que el tribunal deberá celebrar las vistas que crea necesarias y adecuadas.” Id., pág. 519.
Incidieron, por todo lo anterior, tanto el Tribunal de Apelaciones como el Tribunal de Primera Instancia al resolver que no se emplazó correctamente a la A.E.E. por *660 razón de que el emplazamiento nunca se diligenció en el personal designado para ello por su Director Ejecutivo. Procedía determinar si las personas a quienes se entregó el emplazamiento poseían capacidad para recibirlo, según lo hemos definido en nuestra jurisprudencia. El primer seña-lamiento de error fue cometido.
IV
En su segundo señalamiento de error, los peticionarios alegan que erró el Tribunal de Apelaciones al resolver que había mediado abuso de discreción por parte del juzgador de instancia al permitirles volver a emplazar a la A.E.E.
El Tribunal de Apelaciones revocó la determinación del Tribunal de Primera Instancia, pues entendió que las ac-tuaciones de los peticionarios al entregar los emplazamien-tos a personas distintas a las facultadas por la A.E.E. para recibirlos denotaban un patrón de dejadez, mala fe y contumacia. No creemos que el proceder de los peticiona-rios merezca tales epítetos.
Según se desprende de la discusión precedente sobre la Regla 4.4(e) de Procedimiento Civil, supra, los peticiona-rios tenían varias alternativas para emplazar a la A.E.E., independientemente de que ésta hubiese facultado a personal específico para recibir emplazamientos. Los peticio-narios eligieron una de esas alternativas. No podemos aceptar que ejercer una opción provista por el propio orde-namiento procesal civil refleje dejadez, contumacia o mala fe; erró claramente el Tribunal de Apelaciones al resolver de tal modo.
Por otra parte, dado que el juzgador de instancia puede prorrogar el término de seis meses para emplazar cuando entienda que existe justa causa para hacerlo, un foro ape-lativo no puede intervenir con la discreción del tribunal de instancia, excepto que se desprenda de tal actuación que el juzgador ignoró las normas jurídicas aplicables o que pro- *661 vocó un resultado irrazonable o arbitrario. No estamos ante ninguna de estas situaciones.
Concluimos, por lo tanto, que el Tribunal de Apelaciones no tenía razón para intervenir aquí con la discreción del Tribunal de Primera Instancia, especialmente cuando ésta sirve para casos como éste, en los que errores de los propios tribunales fomentan la dilación de los procedimientos. La actuación del foro intermedio fue desacertada y contraria a nuestros pronunciamientos previos. El segundo error tam-bién fue cometido.
V
Por los fundamentes que anteceden, resolvemos que erraron los foros inferiores al resolver que no se emplazó correctamente a la A.E.E. por razón de que los emplaza-mientos no se diligenciaron en el personal escogido por ella a esos efectos. Reiteramos que las alternativas que la Re-gla 4.4(e) de Procedimiento Civil, supra, provee para el em-plazamiento son para beneficio del demandante, por lo cual el hecho de que el demandado faculte a personal espe-cífico para recibir emplazamientos no puede limitar las op-ciones de emplazamiento del demandante.
Erró el foro intermedio, además, al disponer que el juz-gador de instancia abusó de su discreción al prorrogar el término para emplazar.
Por lo anterior, estamos conformes con el resultado de expedir el recurso de certiorari solicitado y revocar la deci-sión del Tribunal de Apelaciones.

 Nada de lo dicho debe entenderse como una limitación a nuestros pronun-ciamientos previos en cuanto a que al momento de emplazar se atenderá a las fun-ciones y grado de representatividad de la persona, no al rigor de su nombramiento.