EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis Nazario Morales, Ana María Rivera Vargas, Etc.<br><br>Peticionarios<br><br>vs.<br><br>Autoridad de Energía Eléctrica<br><br>Recurrida | Certiorari<br><br>2007 TSPR 211<br><br>172 DPR \_\_\_\_ |

Número del Caso: CC-2005-823

Fecha: 30 de noviembre de 2007

Tribunal de Apelaciones:

       Región Judicial de Aguadilla

Juez Ponente:

       Hon. Roberto L. Córdova Arone

Abogado de la Parte Peticionaria:

       Lcdo. José M. Pérez Villanueva

Abogada de la Parte Recurrida:

       Lcda. Edna Marie Ríos González

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis Nazario Morales, Ana
María Rivera Vargas, Etc.

    Peticionarios

       vs.                 CC-2005-823      Certiorari

Autoridad de Energía Eléctrica

    Recurrida

SENTENCIA

San Juan, Puerto Rico, a 30 de noviembre de 2007.

En el caso de autos se cuestionó si la parte demandada fue debidamente emplazada. Resolvemos en la afirmativa.

Por tanto, se expide el recurso de *certiorari* solicitado y se revoca la decisión del Tribunal de Apelaciones.

Devolvemos el caso al Tribunal de Primera Instancia, Sala Superior de Aguada, para que continúe con los procedimientos conforme lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Fuster Berlingeri emitió Opinión de Conformidad, a la que se unen el Juez

CC-2005-823                    2

Presidente señor Hernández Denton y la Juez Asociada señora Fiol Matta. Los Jueces Asociados señores Rebollo López y Rivera Pérez concurren con el resultado sin opinión escrita. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión.


                              Dimarie Alicea Lozada
                    Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis Nazario Morales, Ana
María Rivera Vargas, Etc.

    Peticionarios


          vs.                CC-2005-823
Certiorari


Autoridad de Energía Eléctrica

    Recurrida



Opinión de Conformidad emitida por el Juez Asociado señor FUSTER BERLINGER, a la cual se unen el Juez Presidente señor Hernández Denton y la Juez Asociada señora Fiol Matta.



San Juan, Puerto Rico, a 30 de noviembre de 2007.


Los hechos del caso de autos nos permiten precisar los contornos de la Regla 4.4 (e) de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 4.4 (e), e integrar nuestras expresiones previas sobre el particular.

I

El 11 de febrero de 2003 Luis Nazario Morales, su esposa, Ana María Rivera Vargas, y la sociedad legal de bienes gananciales constituida por ambos (en adelante y en conjunto los peticionarios) presentaron una demanda en daños y perjuicios en contra de la Autoridad de Energía Eléctrica (en adelante AEE o la recurrida) ante el Tribunal de

Primera Instancia, Sala Superior de Aguada. Expedido el emplazamiento, los peticionarios lo diligenciaron el 5 de marzo de 2003, a través de Wilfredo Hernández, Supervisor de la AEE en la Región de Aguadilla. El 24 de abril de 2003 la AEE hizo una comparecencia especial ante el foro de instancia, sin someterse a la jurisdicción del tribunal, en la que solicitó la desestimación de la demanda. Adujo que no había sido emplazada conforme a los parámetros de la Regla 4.4 de Procedimiento Civil. En específico, la recurrida alegó que el Director Ejecutivo, haciendo uso de las facultades que le provee la ley orgánica de la AEE, 22 L.P.R.A. sec. 191 *et seq.*, había designado al personal de la División de Opiniones, Legislación y Contratos, del Directorado de Asuntos Jurídicos, como los funcionarios capacitados para recibir emplazamientos. Por ello, concluyó la recurrida, el Supervisor de la AEE en la Región de Aguadilla no tenía la facultad de recibir emplazamientos a su nombre y, por tanto, el tribunal de instancia no había adquirido jurisdicción sobre ella.

Visto lo anterior, los peticionarios solicitaron que se emitieron nuevos emplazamientos, a lo que accedió el foro de instancia. Éstos fueron expedidos el 11 de junio de 2003 y diligenciados el 25 de junio del mismo año, a través de Wilson Castillo, Director de la División de Ingeniería de la AEE. Pasado el término para contestar la demanda sin que la AEE compareciera ante el tribunal, los peticionarios presentaron una moción de anotación de rebeldía. En ese momento la AEE presentó una segunda moción de desestimación y

en oposición a la anotación de rebeldía, en la que planteó, nuevamente, que no había sido emplazada conforme a derecho. Alegó que el emplazamiento no se había diligenciado debidamente, a través del personal de la División de Opiniones, Legislación y Contratos. Los peticionarios se opusieron a la desestimación. El Tribunal de Primera Instancia, el 30 de enero de 2004, declaró sin lugar la moción de desestimación y la anotación de rebeldía, y ordenó a los peticionarios a "emplaz[ar] correctamente".

Opuesta a la orden del foro de instancia, la AEE hizo una tercera comparecencia especial y presentó una moción de desestimación mediante la cual argumentó que, debido a que había transcurrido el término de seis meses dispuesto por la Regla 4.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 4.3, los peticionarios estaban impedidos de intentar emplazarlos nuevamente. El 19 de mayo de 2005 el foro de instancia llevó a cabo una vista sobre el estado de los procedimientos en la que declaró sin lugar la tercera moción de desestimación y ordenó a los peticionarios a emplazar a la AEE a través de su División de Opiniones, Legislación y Contratos.

Notificada la minuta que contenía dicha orden, la AEE acudió al Tribunal de Apelaciones mediante un recurso de *certiorari*. El foro intermedio revocó la determinación del foro de instancia pues, según su criterio, los peticionarios actuaron de manera obstinada al intentar emplazar a través de distintos funcionarios, cuando conocían que la AEE había facultado a su División de Opiniones, Legislación y Contratos para recibir los emplazamientos. Según el Tribunal de

Apelaciones, este proceder denotaba dejadez en la tramitación del caso, por lo cual el foro de instancia había abusado de su discreción al prorrogar el término para emplazar y ordenar a los peticionarios, por tercera vez, que así lo hicieran.

Inconforme con esta decisión, los peticionarios presentaron un recurso de *certiorari* ante nuestra consideración, en el que plantearon los siguientes señalamientos de error:

1. Erró el Tribunal de Apelaciones al resolver que la Autoridad de Energía Eléctrica no había sido emplazada conforme a derecho.

2. Erró el Tribunal de Apelaciones al resolver que el Tribunal de [Primera] Instancia abusó de su discreción al permitirle a los peticionarios volver a emplazar a la AEE.

El 9 de diciembre de 2005 ordenamos a la AEE a que compareciera ante nosotros y mostrara causa, si alguna existiese, por la cual no debíamos expedir el recurso y revocar la decisión del Tribunal de Apelaciones. La AEE compareció en cumplimiento de nuestra orden. Pasamos a resolver.

II

El profesor Hernández Colón ha definido el emplazamiento como el "acto procesal mediante el cual se comunica al demandado la demanda presentada en su contra y se le requiere a comparecer en autos para formular la alegación que proceda". R. Hernández Colón, *Derecho Procesal Civil*, San Juan, Puerto Rico, Michie of Puerto Rico, Inc. 1997, sec. 2001, pág. 161. Como se sabe, su propósito es que el tribunal

pueda "adquirir jurisdicción sobre la persona del demandado[,] llamándolo para que comparezca en juicio a defenderse o a hacer uso de su derecho". *Id.* De esta forma se garantiza el debido proceso de ley exigido por las constituciones del Estado Libre Asociado de Puerto Rico y de Estados Unidos. Véase, Lucero v. San Juan Star, 159 D.P.R. 494, 506 (2003); y casos allí citados. Es precisamente por razón de las exigencias constitucionales en torno al debido proceso de ley que, para que un emplazamiento se entienda válido (y así se pueda ejercer jurisdicción sobre la persona del demandado), es fundamental que se dé cumplimiento estricto a los requisitos dispuestos en las Reglas de Procedimiento Civil a esos efectos. Banco Popular v. S.L.G. Negrón, res. el 2 de junio de 2005, 164 D.P.R. ___, 2005 TSPR 77, 2005 JTS 84; First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901, 913-14 (1998).

Dentro del cuerpo de Reglas de Procedimiento Civil, es la Regla 4 la que gobierna todo lo referente al emplazamiento y su validez. Así, la Regla 4.3(b) de Procedimiento Civil regula lo concerniente a quién puede diligenciar el emplazamiento y el término para hacerlo. Dispone específicamente que,

> será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término s[ó]lo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio. 32 L.P.R.A. Ap. III R. 4.3(b).

Es menester resaltar que al interpretar y aplicar esta Regla, no hemos sido tan rigurosos como su lenguaje sugiere. En efecto, hemos resuelto que aunque el término de seis meses para diligenciar el emplazamiento es de cumplimiento estricto, éste puede ser prorrogado por los tribunales, incluso después de su vencimiento. Global v. Salaam, res. el 6 de abril de 2005, 164 D.P.R. ___, 2005 TSPR 42, 2005 JTS 48; Banco Metropolitano v. Berríos, 110 D.P.R. 721, 725 (1981). Además, hemos protegido la discreción que las Reglas de Procedimiento Civil proveen al juzgador de instancia al momento de decidir si conceder una prórroga al término para emplazar. Hemos subrayado la importancia de esta discreción, calificándola como el instrumento más poderoso de hacer justicia. Banco Metropolitano v. Berríos, *supra*, pág. 725. Sin embargo, es al demandante a quien corresponde justificar el incumplimiento con los términos para emplazar, pues el juzgador no podrá ejercer su discreción en el vacío ni de manera arbitraria. Hemos establecido que "[d]ebe existir razón bien fundada que mueva la conciencia judicial a conceder el remedio". Global v. Salaam, *supra*. Así, la concesión de la prórroga dependerá de si existe justa causa para concederla o si medió negligencia excusable por parte del demandante. Véase Global v. Salaam, *supra*; First Bank of P.R. v. Inmob. Nac., Inc., *supra*.

De otra parte, aunque en casos recientes hemos reconocido que el término para emplazar puede ser prorrogado tácitamente por los tribunales y que, asimismo, la determinación de justa causa por parte del juzgador de

instancia puede ser *sub silentio*, cabe resaltar que la "mejor práctica" es que el juzgador de instancia expresamente indique que está prorrogando el término para emplazar y las razones para ello. Banco Popular v. S.L.G. Negrón, *supra*; Global v. Salaam, *supra*.

En cuanto a la desestimación como sanción por no cumplir con el término para emplazar, también hemos observado que es una sanción muy drástica, y que debe reservarse para casos extremos. Banco Popular v. S.L.G. Negrón, *supra*. Así, "[e]l tribunal siempre debe procurar un balance entre el interés en promover la tramitación rápida de los casos y la firme política judicial de que los casos sean resueltos en los méritos". *Id*.

Por su parte, la Regla 4.4 de Procedimiento Civil dispone cómo efectuar el emplazamiento personal. En su inciso (g), la Regla 4.4 dispone que para emplazar a una corporación pública hay que ceñirse a lo establecido en el inciso (e) para las personas jurídicas. 32 L.P.R.A. Ap. III R. 4.4 (g). La Regla 4.4 (e), a su vez, prescribe que el emplazamiento de una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica se diligenciará "entregando copia del emplazamiento y de la demanda a un oficial, gerente administrativo o agente general, o a cualquier otro agente autorizado por nombramiento o designado por ley para recibir emplazamientos". 32 L.P.R.A. Ap. III R. 4.4(e).

Interpretando esta regla, hemos advertido que, al momento de decidir sobre la idoneidad de una persona para recibir emplazamientos, debe atenderse "a los deberes,

funciones y autoridad de la persona y no así su título". <u>Hach Co. v. Pure Water Systems, Inc.</u>, 114 D.P.R. 58, 63 (1983). Lo verdaderamente importante es que la persona que reciba el emplazamiento ostente cierto grado de capacidad de representación de la persona jurídica sobre la cual se desea adquirir jurisdicción. <u>Lucero v. San Juan Star</u>, *supra*, pág. 514. De esta forma, hemos resuelto antes, nos aseguramos de que el método seleccionado para emplazar ofrezca la "probabilidad razonable de informarle al demandado sobre la acción entablada en su contra". *Id.*, pág. 512-13; <u>Quiñones Román v. Cía. ABC</u>, 152 D.P.R. 367, 374 (2000).

Vemos, por tanto, que en nuestras decisiones anteriores sobre el tema del emplazamiento de personas jurídicas, aunque consistentemente hemos reconocido la importancia del cumplimiento estricto con los requisitos impuestos por las Reglas de Procedimiento Civil sobre el particular, ello no nos ha impedido declinar, también reiteradamente, la desestimación como sanción ante el incumplimiento con los términos dispuestos para emplazar. Tampoco nos ha impedido permitir el emplazamiento referido a través de personas que, aunque no ocupen los cargos aludidos en la Regla 4.4 (e), sí cuenten con la capacidad representativa necesaria para recibir emplazamientos.

Veamos cómo aplica la reiterada normativa aludida al caso de autos.

III

En su primer señalamiento de error, los peticionarios cuestionan la determinación del Tribunal de Apelaciones en cuanto a que la AEE no fue emplazada correctamente.

El Tribunal de Apelaciones, si bien reconoció que la jurisprudencia ha sido flexible al determinar quién ostenta el grado requerido de representatividad para recibir emplazamientos, concluyó que los peticionarios fueron informados de que el personal de la División de Opiniones, Legislación y Contratos era el que estaba autorizado para recibir emplazamientos, y que, por tanto, los dos diligenciamientos a otros funcionarios de la AEE fueron incorrectos. Aunque no lo dice abiertamente, la postura del foro intermedio parece ser que, una vez se autoriza a alguien en particular para recibir emplazamientos, la persona jurídica objeto de la demanda no podrá ser emplazada a través de ningún otro agente que no sea el designado específicamente para ello. No podemos avalar tal conclusión.

"Las Reglas de Procedimiento Civil se inspiran armoniosamente en tres valores fundamentales de justicia, rapidez y economía, enmarcados en la norma de buena fe que debe permear la tramitación de toda causa de acción". Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 288 (1988). Mediante el ordenamiento procesal civil, se procura fundamentalmente facilitar los trámites ante nuestros tribunales en términos de costos y tiempo, de modo que se garantice a todos los ciudadanos del país un acceso efectivo a la justicia. De este modo, valga repetirlo, hemos

enfatizado que, en lo concerniente al emplazamiento, aunque hay que adherirse al procedimiento impuesto por las Reglas de Procedimiento Civil, lo realmente esencial y determinante es que el demandado conozca del pleito en su contra. La postura del Tribunal de Apelaciones, aparte de ser una lectura errada del texto de la Regla 4.4 (e) de Procedimiento Civil, claramente desafía los referidos valores que enmarcan nuestro ordenamiento, además de ser incongruente con nuestras decisiones previas. Veamos.

De su claro tenor literal surge que la Regla 4.4 (e) de Procedimiento Civil provee cuatro formas para emplazar a una persona jurídica. Éstas son: (1) entregando el emplazamiento y una copia de la demanda a un oficial de la persona jurídica demandada; (2) entregando el emplazamiento y una copia de la demanda a un gerente administrativo de dicha persona; (3) entregando el emplazamiento y una copia de la demanda a su agente general; o, (4) entregando el emplazamiento y una copia de la demanda a cualquier otro agente que haya sido autorizado a esos efectos por nombramiento o por ley.[1] Se deduce, por tanto, que las alternativas para emplazar a una persona jurídica que surgen de este inciso de la Regla no son mutuamente excluyentes: ninguna obstaculiza el uso de la otra. Ya en Quiñones Román v. Cía. ABC, *supra*, habíamos sugerido este resultado al decir, a modo de *obiter dictum*, que,

---

[1] Nada de lo dicho debe entenderse como una limitación a nuestros pronunciamientos previos en cuanto a que al momento de emplazar se atenderá a las funciones y grado de representatividad de la persona, no al rigor de su nombramiento.

el hecho de que la corporación instruya a sus gerentes operacionales que dirijan o refieran a los emplazadores a las oficinas corporativas principales y que en éstas tengan todo un sistema de organización interna para atender estos asuntos, no quiere decir que por ley no se pueda emplazar a la corporación en otro lugar y que dicho emplazamiento no sea válido. Quiñones Román v. Cía. ABC, *supra*, pág. 381.

**Hoy resolvemos, por tanto y para que no quede margen de dudas, que las alternativas provistas por la Regla 4.4 (e) de Procedimiento Civil para el emplazamiento de personas jurídicas son opciones a beneficio del demandante. Es a éste a quien le toca decidir cómo emplazará al demandado, no a la inversa.** No cuestionamos el beneficio que representa tanto para demandantes como para demandados que haya personal específico autorizado o designado para recibir emplazamientos. Sin embargo, esto no puede ser fundamento para limitar las claras opciones que el ordenamiento procesal civil provee liberalmente al demandante al momento de emplazar. Resolver lo contrario iría en contra de los valores que cimientan las Reglas de Procedimiento Civil, y del texto palmariamente claro de la Regla en cuestión. **Significaría que una parte demandada sólo puede ser emplazada según esa parte misma lo decida y que el demandante no puede emplazarla, aunque procure hacerlo a través de un funcionario de la parte demandada que tenga plena capacidad para representar a esa parte. Tal pretensión de la parte demandada no tiene fundamento alguno en nuestro ordenamiento procesal civil y este Foro debería rechazarla sin ambages.**

En el caso ante nuestra consideración, los peticionarios diligenciaron el emplazamiento en dos ocasiones distintas, entregándolo, la primera vez, al Supervisor de la AEE en la Región de Aguadilla, y al Director de la División de Ingeniería, en la segunda. En ambas ocasiones la AEE argumentó que el emplazamiento había sido defectuoso, pues no había sido diligenciado a través del personal de la División de Opiniones, Legislación y Contratos y que, por tanto, el foro de instancia no había adquirido jurisdicción sobre su persona. Sin embargo, según surge de la discusión que antecede, no le tocaba a la AEE escoger a través de quién sería emplazada, sino que esta opción le competía ejercitarla a los peticionarios. Claramente, éstos optaron por emplazar a la AEE diligenciando el emplazamiento a través de funcionarios distintos al personal escogido a esos efectos por la recurrida. Distinto a los foros *a quo*, no creemos que esta actuación sea errónea en derecho.

Para determinar si, en efecto, la AEE había sido emplazada correctamente, lo que procedía era que el Tribunal de Primera Instancia decidiera si el emplazamiento, que no fue entregado al personal designado para ello por el Director Ejecutivo de la AEE, había sido entregado, no obstante, a un oficial, agente general o gerente administrativo de la AEE, según estos términos han sido interpretados por este Tribunal. De modo que, ante la alegación de falta de jurisdicción, el foro de instancia debió haber celebrado una vista en la que se desfilara evidencia sobre el carácter representativo, los deberes y funciones de las personas a las

que se entregaron los emplazamientos. El foro de instancia no podía meramente expedir nuevos emplazamientos y ordenar a reiniciar su tramitación. Recordamos aquí nuestras severas expresiones en Lucero v. San Juan Star, *supra*, ante una situación similar. **"Es menester recalcar que los tribunales no somos meros autómatas y que el proceso de formar conciencia judicial exige la comprobación de cualquier aseveración mediante prueba. A tales efectos, hemos reiterado que el tribunal deberá celebrar las vistas que crea necesarias y adecuadas"**. Lucero v. San Juan Star, *supra*, pág. 519.

Incidieron, por todo lo anterior, tanto el Tribunal de Apelaciones como el Tribunal de Primera Instancia al resolver que no se emplazó correctamente a la AEE por razón de que el emplazamiento nunca se diligenció en el personal designado para ello por su Director Ejecutivo. Procedía determinar si las personas a las que se entregó el emplazamiento poseían capacidad para recibirlo, según lo hemos definido en nuestra jurisprudencia. El primer señalamiento de error fue cometido.

IV

En su segundo señalamiento de error, los peticionarios alegan que erró el Tribunal de Apelaciones al resolver que había mediado abuso de discreción por parte del juzgador de instancia al permitirles volver a emplazar a la AEE.

El Tribunal de Apelaciones revocó la determinación del Tribunal de Primera Instancia, pues entendió que las actuaciones de los peticionarios al entregar los

emplazamientos a personas distintas a las facultadas por la AEE para recibirlos denotaban un patrón de dejadez, mala fe y contumacia. No creemos que el proceder de los peticionarios merezca tales epítetos.

Según se desprende de la discusión precedente sobre la Regla 4.4 (e) de Procedimiento Civil, los peticionarios tenían varias alternativas para emplazar a la AEE, independientemente de que ésta hubiese facultado a personal específico para recibir emplazamientos. Los peticionarios eligieron una de esas alternativas. No podemos aceptar que ejercer una opción provista por el propio ordenamiento procesal civil refleje dejadez, contumacia o mala fe; erró claramente el Tribunal de Apelaciones al resolver de tal modo.

Por otra parte, dado que el juzgador de instancia puede prorrogar el término de seis meses para emplazar cuando entienda que existe justa causa para hacerlo, un foro apelativo no puede intervenir con la discreción del tribunal de instancia, excepto que se desprenda de tal actuación que el juzgador ignoró las normas jurídicas aplicables o que provocó un resultado irrazonable o arbitrario. No estamos ante ninguna de estas situaciones.

Concluimos, por tanto, que el Tribunal de Apelaciones no tenía razón para intervenir aquí con la discreción del Tribunal de Primera Instancia, especialmente cuando ésta sirve para casos como éste, en los que errores de los propios tribunales fomentan la dilación de los procedimientos. La actuación del foro intermedio fue desacertada y contraria a

nuestros pronunciamientos previos. El segundo error también fue cometido.

V

Por los fundamentes que anteceden, resolvemos que erraron los foros inferiores al resolver que no se emplazó correctamente a la AEE por razón de que los emplazamientos no se diligenciaron en el personal escogido por ella a esos efectos. Reiteramos que las alternativas que la Regla 4.4 (e) de Procedimiento Civil provee para el emplazamiento son para beneficio del demandante, por lo cual el hecho de que el demandado faculte a personal específico para recibir emplazamientos no puede limitar las opciones de emplazamiento del demandante.

Erró el foro intermedio, además, al disponer que el juzgador de instancia abusó de su discreción al prorrogar el término para emplazar.

Por lo anterior, estamos conformes con el resultado de expedir el recurso de *certiorari* solicitado y revocar la decisión del Tribunal de Apelaciones.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO